JERRY TOLES

*v.*

TRUMAN W. MONTAGUE.

1. PLEADING—*averment of the assignment of a note.* In a suit upon a promissory note by an assignee against the maker, an averment in the declaration that the holder, by a prior endorsement, "endorsed the said promissory note, by writing his name across the back thereof, to the plaintiff," is not an averment of a blank endorsement, but of an endorsement to a particular person, and is sufficient.

2. DAMAGES *in the supreme court—on an appeal for delay.* The statute allows this court to give damages only in cases where the appeal is not prosecuted, and not because the court may think it is prosecuted for delay. Damages are not given when the record has been filed and errors have been assigned.

APPEAL from the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of assumpsit, brought by Montague against Toles, upon a promissory note executed by Toles to

W. S. Hinkle. The declaration, after alleging the making of the note, averred that W. S. Hinkle, the payee, on, etc., at, etc., " endorsed the said promissory note, by writing his name across the back thereof, to one John M. Hinkle, and then and there delivered the said promissory note to the said John M. Hinkle, and John M. Hinkle, to whom the payment of the sum of money in the said promissory note specified was to be made, thereafterwards, on the day and year aforesaid, endorsed the said promissory note by writing his name across the back thereof, to one Nelson Hoddy, and then and there delivered the said promissory note to the said Nelson Hoddy; and the said Nelson Hoddy, to whom the payment of the said sum of money in the said promissory note specified was to be made, thereafterwards, to-wit, on," etc., " endorsed the said promissory note by writing his name across the back thereof, to the' plaintiff, and then and there delivered," etc.

A demurrer to the declaration was overruled, and the defendant abiding by his demurrer, damages were assessed, and judgment rendered for the sum due. The defendant appealed.

Messrs. HENRY, READ & STEELE, for the appellant.

Mr. O. B. FICKLIN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a suit upon a promissory note, and the record is brought here on the judgment of the court overruling a demurrer to the declaration. The only objection taken to the declaration is, that the endorsement is not sufficiently averred. The declaration alleges that the payee endorsed the note by writing his name across the back thereof, to one John M. Hinkle, with a like averment of endorsement by Hinkle to Hoddy, and by Hoddy to the plaintiff. This is not an averment of a blank endorsement, as claimed by appellant, but of an endorsement to a particular person, and is sufficient.

25—53RD ILL.

We are asked by appellee's counsel to give damages, on the ground that the appeal was clearly taken for delay. The statute allows this court to give damages only in cases where the appeal is not prosecuted, and not because we may think it is prosecuted for delay. The court does not give damages when the record has been filed and errors have been assigned.

*Judgment affirmed.*