## PHILIP A. WOOLLEY

*v.*

## THOMAS R. LYON.

*Filed at Ottawa November 14, 1885.*

1. APPEAL—*as to amount "involved"—as affecting the right of appeal.* An appeal was taken from a judgment of the circuit court, in an action of assumpsit, for $1832.06, exclusive of costs.  On being ruled to give a new appeal bond, the appellant withdrew the record, and the Appellate Court thereupon assessed $96.66 damages against appellant for want of prosecution of his appeal, and rendered judgment therefor in favor of the plaintiff: *Held*, that a writ of error would lie to review the judgment of the Appellate Court in respect of the damages so assessed, alone, although the amount so brought in question was less than $1000, there being more than $1000, exclusive of costs, involved in the record, the judgment for damages being but an incident to the entire judgment appealed from.

2. The right of appeal from the Appellate Court, or to sue out a writ of error to review the judgment of that court, is not limited by the amount by the error assigned, but by the amount involved in the suit.  So a party may even prosecute an appeal or writ of error in a case where no ground exists for claiming error in the record at all.

3. SAME—*damages on abandonment of appeal in the Appellate Court.* Where the appellant in the Appellate Court for any cause withdraws the record, this is practically an abandonment of his appeal and a failure to prosecute the same, and will justify that court in entering judgment against him for not less than five nor more than ten per cent damages on the amount recovered in the trial court.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding.

Mr. FRANK CROSBY, and Mr. J. W. RANSTEAD, for the plaintiff in error.

Mr. R. N. BOTSFORD, and Mr. R. M. IRELAND, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

In an action of assumpsit upon a promissory note, judgment was rendered by the circuit court for the plaintiff, for the sum of $1832.06. The defendant appealed to the Appellate Court for the Second District, but before the cause was reached for hearing, by permission of the court he withdrew his record from that court. Thereupon, on motion of the plaintiff, the court assessed damages against the defendant to the amount of $96.66, for failure to prosecute his appeal, and rendered judgment therefor. On a subsequent day, the defendant moved to set aside that judgment, but the court overruled the motion. The writ of error sued out by the defendant in the circuit court, brings before us the entire record of both courts.

A motion was made, before the cause was submitted, to dismiss the writ of error for want of jurisdiction. The decision of that motion was reserved until the final hearing, and it must now be passed upon before proceeding to consider the question presented by the assignment of errors.

The statute provides: "In all cases determined in said Appellate Courts, in actions *ex contractu*, wherein the amount involved is less than one thousand dollars ($1000), exclusive of costs,   *   *   *   and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom.   *   *   *   In all other cases appeals shall lie, and writs of error may be prosecuted from the final judgments, orders or decrees of the Appellate Courts to the Supreme Court." The action in the circuit court was *ex contractu*. The amount involved was the amount due upon a promissory note, whereby more than $1000 was promised to be paid, and we have seen the judgment thereupon was for more than $1000. The appeal from the circuit to the Appellate Court carried the record of

that case before the Appellate Court, and hence there was then lawfully pending in that court for determination, a case wherein the form of action was *ex contractu*, and wherein the amount involved, exclusive of costs, was more than $1000, so that if the judgment of the circuit court had been affirmed by the Appellate Court, there could be no reason for questioning the right to appeal to this court, or to sue out a writ of error from it, to bring that action of the Appellate Court before us for review. But the judgment for the $96.66 is not an independent judgment. It is only incidental to the judgment for $1832.06. The withdrawal of the record was an abandonment of the appeal, and the judgment rendered resulted because of that act. It was, obviously, as much one of the steps taken in the case as was the judgment in the circuit court, and a complete record must necessarily include both judgments. Although the judgment of the circuit court was not affirmed by this judgment of the Appellate Court, the case was then finally disposed of, and so the record is, in that respect, within the requirement of the statute.

The right of appeal and to sue out a writ of error is not limited, it will be observed, by the amount affected by the error assigned, but by the amount "involved" in the action. It could not, therefore, be questioned that a party might appeal or sue out a writ of error in a case where no ground would exist for claiming error in the record. An appeal or writ of error undoubtedly could be prosecuted where there was a judgment for more than $1000, on a promissory note for the amount of the judgment, although the record might be perfect. Here, it happens that the error assigned relates only to the $96.66. It might, however, have related to the question whether the court had jurisdiction either of the person or the subject matter to docket the case, or to make any order whatever in it, for the right to assign error is not dependent upon the question of whether it shall be held, on final determination, that error really existed in the respect

pointed out by the assignment. Had the appeal simply been dismissed, and error sued out on the record, and the only error assigned here been that the court erred in dismissing the appeal, it is apprehended none would have contended there was any want of jurisdiction, for the action would have been *ex contractu*, the amount involved more than $1000, and the judgment final. But the addition to the judgment of the $96.66, because of the failure to prosecute the appeal, can not possibly change the previous record. It can not change the fact of what was the amount "involved" in the case. The motion must be overruled.

The only question presented by the errors assigned is, did the court err in rendering judgment for $96.66 damages for not prosecuting the appeal.

Section 73 of the Practice act of 1877 (Laws 1877, p. 150,) provides, that "when appeals from judgments, orders or decrees for the recovery of money are dismissed by the Supreme or Appellate Court for want of prosecution, or for failure to file authenticated copies of records, as required by law, the court shall enter judgment against the appellants for not less than five (5) nor more than ten (10) per cent damages on the amount recovered in the inferior court." The withdrawal of the record is certainly a failure to prosecute the appeal, and so is within the letter of this section, if, indeed, it might not be treated as, in principle, coming within the clause which authorizes the assessment of damages for a failure to file the record. It is unimportant, in our opinion, that the withdrawal of the record may have been necessitated by the order of the court requiring a new appeal bond. That order was lawful, but if it had not been, the proper way to question it was to except to it, and let the court dismiss the appeal because of non-compliance with it. The withdrawal of the record was a voluntary abandonment of the appeal, and clearly authorized the conclusion that it had not been taken in good faith. *Toles* v. *Montague*, 53 Ill. 384, cited

by counsel for plaintiff in error, is not analogous. In that case the appeal was not abandoned. Errors were assigned and argued, and the case was disposed of on its merits. The only ground upon which it was there claimed the appeal was not prosecuted in good faith, was the want of merit in the reasons urged for reversal; but the court did not deem them so frivolous as to demonstrate that they were not urged in good faith. Here no errors were argued in the Appellate Court. The appeal was voluntarily abandoned before that point was reached.

    The judgment is affirmed.

*Judgment affirmed.*