John Miles

*v.*

Thea Miles.

*Opinion filed December 16, 1902—Rehearing denied February 6, 1903.*

Appeals and errors—*when $1000 is not involved in separate maintenance.* No appeal from or writ of error to the Appellate Court can be had in a suit for separate maintenance where the decree awards the complainant $30 per month alimony and the right to occupy a dwelling the rental value of which is $35 per month, and requires the defendant to pay a solicitor's fee of $200, since the amount involved does not equal $1000, exclusive of costs.

*Miles* v. *Miles,* 101 Ill. App. 406, writ dismissed.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. Clifford, Judge, presiding.

George W. Wilbur, for plaintiff in error.

Hutchinson, Neiger & Kimbark, for defendant in error.

Mr. Chief Justice Magruder delivered the opinion of the court:

In this case plaintiff in error on July 3, 1900, filed a bill for divorce in the circuit court of Cook county against the defendant in error, charging extreme and repeated cruelty. Answer was filed by defendant in error, denying the material allegations of the bill. Replication was filed to the answer, and issue was thereby made upon the charges in the original bill. Thereafter, defendant in error filed a cross-bill, praying for separate maintenance. To the cross-bill plaintiff in error filed an answer, and replication was filed to such answer, thus making an issue upon the charges in the cross-bill. On the hearing, the court below dismissed the original bill for want

of equity, and entered a decree on the cross-bill, allowing separate maintenance, alimony and solicitor's fees. Plaintiff in error took an appeal from said decree to the Appellate Court, where the decree of the circuit court was in all respects affirmed. The present writ of error is prosecuted for the purpose of reviewing the judgment of affirmance, so entered by the Appellate Court.

Plaintiff in error in the Appellate Court withdrew from the consideration of that court that part of the decree of the lower court, which dismissed his bill for want of equity. In his brief filed in the Appellate Court, counsel for plaintiff in error said: "As to the prayer for divorce on behalf of appellant, it is neither insisted upon now, nor desired, and he wishes to withdraw all suggestions in relation thereto." In other words, the plaintiff in error has waived any objection, which he had, or might have had, to the decree of the trial court, dismissing his original bill for divorce; and the only matter, which was presented for review in the Appellate Court, and which is now urged upon the attention of this court, is the decree entered by the court below upon the cross-bill, filed by the defendant in error, which was a bill for separate maintenance.

By the terms of the decree upon the cross-bill, it was ordered that the defendant in error should be allowed, and that plaintiff in error should pay to her, the sum of $30.00 a month in advance, payment to commence on May 1, 1901; and, in addition to said payment of $30.00 a month, defendant in error was to have the right to occupy, rent free, a certain house for a dwelling or home. The court found that the rental value of the house was $35.00 a month, so that the award of alimony to the defendant in error was not more than $65.00 per month altogether. The decree upon the cross-bill also ordered, that plaintiff in error should pay to defendant in error, in full of fees for her solicitor up to the time of the entry of the decree, the sum of $200.00, $100.00 thereof on May 1,

1901, and $50.00 per month on the first day of each month thereafter, until the total sum of $200.00 should be paid.

It is apparent from the foregoing statement, that the amount involved in this suit is not necessarily as large as $1000.00. Accordingly, the present writ of error must be dismissed for want of jurisdiction in this court.

In *Umlauf* v. *Umlauf*, 103 Ill. 651, it was held that the right to an appeal from, or writ of error to, the Appellate Court is not given by statute in case of a bill by a married woman for a separate maintenance, where the original decree is for a less amount than $1000.00, as, where it requires the husband to pay $60.00 a month to the wife for the support of herself and child; and, in the latter case, it was said (p. 656): "There is no certainty that the present relations between the parties will exist any considerable length of time, and we are aware of no principle that would warrant a presumption the one way or the other upon that subject. A resumption of the conjugal relations, or the death of either party, would operate as an extinguishment of the claim. The fact that the claim might in the course of time,—assuming their present relations to continue,—amount to as much as $1000.00, we do not regard as sufficient to give this court jurisdiction. Before the right to appeal attaches in a case like this, it must clearly appear from the record there is involved in the controversy, independent of all contingencies, the amount of $1000.00, exclusive of costs. Testing the present case by this rule, it is clear the appeal does not lie, and will therefore have to be dismissed." The case of *Umlauf* v. *Umlauf, supra,* was followed and endorsed in the subsequent case of *Seelye* v. *Seelye,* 143 Ill. 264, which was also a proceeding under the statute to recover separate maintenance, and where it was held, upon the authority of the *Umlauf case,* that the amount to be decreed was less than $1000.00.

For the reasons above stated, the present writ of error is dismissed.            *Writ dismissed.*