HORACE H. KOUKA

*v.*

MARIE M. KOUKA.

*Opinion filed April 17, 1906.*

APPEALS AND ERRORS—*when certificate of importance is essential.*
A certificate of importance is essential to the jurisdiction of the Su-
preme Court to review a judgment of the Appellate Court affirming
a divorce decree where the only portion of the decree upon which
error is assigned is that requiring the payment of alimony of $18
per month and costs, since jurisdiction does not attach in such cases
unless there is involved in the controversy, independent of all con-
tingencies, the amount of $1000, exclusive of costs. (*Miles* v. *Miles,*
200 Ill. 524, followed.)

. WRIT OF ERROR to the Appellate Court for the First Dis-
trict;—heard in that court on writ of error to the Circuit
Court of Cook county; the Hon. JOHN GIBBONS, Judge,
presiding.

H. R. CHRISTOPHERS, (C. STUART BEATTIE, of counsel,)
for plaintiff in error.

ERNEST MESSNER, (GALLAGHER, FISKE & MESSNER, of
counsel,) for defendant in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

Defendant in error, Marie M. Kouka, originally filed a
bill for separate maintenance against the plaintiff in error,
Horace H. Kouka. To this bill an answer was filed, and af-
terwards defendant in error, under leave of court to file an
amended bill, changed her entire action and asked for a com-
plete divorce and alimony. Plaintiff in error answered this
amended bill but withdrew the answer the following day,
and his default was entered. The cause was heard upon the
amended bill and upon testimony taken in open court. The
decree finds the court has jurisdiction; that defendant has

been guilty of extreme and repeated cruelty, as charged in the amended bill; that he is an unfit person to have the care of the infant child and awards the custody of the child to complainant; decrees that defendant pay complainant $18 per month alimony on the 15th day of each and every month after August 15, 1903, and the costs of suit, and that execution issue for the several sums in default of payment.

Plaintiff in error's beginning of the statement of the cause is as follows: "A writ of error was sued out from the court below in this case and assignments of error made calling in question the propriety of the decree of the circuit court in awarding permanent alimony to the defendant in error." It will thus be seen from his own statement that the only part of the decree involved and asked to be reviewed is the part relative to alimony.

The Appellate Court affirmed the decree of the trial court, and this writ of error is prosecuted to reverse the judgment of the Appellate Court without a certificate of importance.

This court has frequently held in chancery proceedings, that where a decree in chancery is severable which is composed of distinct parts, each part may be treated as a distinct decree and an appeal taken from only one part without affecting the other. (*Walker* v. *Pritchard,* 121 Ill. 221; *Oliver* v. *Wilhite,* 201 id. 552.) And it would make no difference if the whole of the decree is appealed from, provided error is only assigned as to one part of the decree; and that part upon which error is assigned and argued in this court would be the only part of the decree that this court had jurisdiction to review. In the case of *Miles* v. *Miles,* 200 Ill. 524, the court held that the amount involved did not necessarily amount to $1000, notwithstanding the decree in that case provided that the plaintiff in error pay the sum of $30 a month in advance and the wife to occupy free of rent a certain house or dwelling the rental value of which amounted to $35 a month, together with the sum of $200 solicitor's

fee. In that case we said: "Before the right to appeal attaches in a case like this, it must clearly appear from the record there is involved in the controversy, independent of all contingencies, the amount of $1000, exclusive of costs." That case is conclusive upon the record presented in this case.

For the reasons above stated the writ of error is dismissed.

*Writ dismissed.*