(No. 20309. )
SOL SEGAL, a minor, etc., Petitioner, *vs.* THE CHICAGO CITY
RAILWAY COMPANY, Respondent.

*Opinion announced orally June 12, 1930.*

JAMES C. McSHANE, for petitioner.

BROWN, FOX & BLUMBERG, (FRANK L. KRIETE,
CHARLES LEROY BROWN, and ABE R. PETERSON, of coun-
sel,) for respondent.

Mr. JUSTICE DEYOUNG announced the decision of the
court:

This is a motion by the petitioner to set aside the order
entered June 4, 1930, dismissing the petition for a writ of
*certiorari* for the want of jurisdiction.

The suit was instituted to recover damages for personal
injuries alleged to have been suffered and the trial court,
upon the jury's verdict, rendered judgment for the defend-
ant. That judgment was affirmed by the Appellate Court
for the First District. No appeal based upon a certificate of

importance having been granted by the Appellate Court, the only method by which a further review of the record and proceedings may be sought in a case of this character, is by an application to this court for a writ of *certiorari* in accordance with section 121 of the Practice act. That section, however, imposes certain conditions, upon the making of such an application, among which are that in cases in which the judgment is against the plaintiff, a certificate by the Appellate Court or, in vacation, by one of its judges, to the effect that there is fairly involved in the claim of the plaintiff more than fifteen hundred dollars is required, and that the application shall be made on or before twenty days before the first day of the succeeding term of this court, provided fifty days shall have intervened between the day on which a rehearing in the Appellate Court was denied or the day upon which the leave to apply for a rehearing expired without any such application having been made, and the first day of such succeeding term of this court. In the present case the application for a writ of *certiorari* was filed within the time limited, namely, twenty days before the first day of the present term of this court, but the requisite certificate that the plaintiff's claim involved more than fifteen hundred dollars was not obtained. An application for a writ of *certiorari,* in a case where judgment was rendered against the plaintiff, can only be made where such a certificate has been issued within the time prescribed for the making of the application. Jurisdiction of a petition for a writ of *certiorari* in such a case, not based upon such a certificate, is not conferred upon this court by section 121 of the Practice act, and the motion to vacate the order of June 4, 1930, must therefore be denied. *Motion denied.*