(No. 24872.—
THE FIRST NATIONAL BANK OF WOODLAWN, Appellant, *vs.*
JOHN W. WATKINS *et al.* Appellees.

*Opinion filed February 15, 1939.*

GILBERT & GILBERT, for appellant.

JUNE C. SMITH, and HUGH V. MURRAY, JR., for appellees.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

This cause was decided by the Appellate Court for the Fourth District by an opinion filed on June 6, 1938, and

there was no petition for rehearing. Judgment of the Appellate Court became final on June 21, 1938, and the appellants had forty days thereafter within which to file their petition for leave to appeal to this court, which was done. However, this action arose *ex contractu* and there was a judgment against the plaintiff and in favor of the defendants in the trial court and in the Appellate Court, and neither the Appellate Court nor any judge thereof issued a certificate to the effect that there was fairly involved in the claim of the plaintiff the sum of $1500 or more, and no such certificate was filed in this court within forty days from the date the judgment of the Appellate Court became final, as required by the Civil Practice act. (Ill. Rev. Stat. 1937, chap. 110, sec. 75(2), par. 199.) This point was raised by answer of respondents on August 10, 1938, which was more than forty days after the Appellate Court judgment became final, and thereafter, on August 13, 1938, the appellant went into the Appellate Court and secured a certificate that there was more than $1500 involved in the claim and filed a supplemental abstract of record in this court showing the amendment.

A similar situation was presented to this court in *Segal* v. *Chicago City Railway Co.* 339 Ill. 635, and we there held that the jurisdictional certificate must have been issued within the time prescribed for the making of the application and that without such a certificate this court was without jurisdiction. Under our holding in that case it is necessary for us to decide that in this case the leave to appeal was improvidently granted. That order will be set aside and the appeal will be dismissed.     *Appeal dismissed.*