(No. 26339.—

L. Martin *et al.* Respondents, *vs.* The Estate of Ida Illinois Martin, Petitioner.

*Announced orally September 19, 1941.*

HILL, BULLINGTON & VANDEVER, for respondents.

OMER POOS, for petitioner.

Per CURIAM: This case involves a claim filed by respondents against the estate of Ida Illinois Martin, deceased. The amount of the claim, as filed, was $4334. This amount was made up of three items of $2700, $700 and $934. The claim was disallowed by the county court. On appeal, the circuit court directed a verdict in favor of the estate as to the items of $2700 and $700. The jury returned a verdict in favor of respondents for the remaining item of $934, on which judgment was entered.

Petitioner perfected an appeal to the Appellate Court for the Third District from that part of the judgment allowing the claim in the amount of $934. Respondents perfected a cross-appeal from that part of the judgment disallowing the claim as to the items of $2700 and $700. The Appellate Court affirmed the judgment of the circuit court, in all respects.

Within the time allowed, petitioner filed in this court the record and a petition for leave to appeal from the judgment of the Appellate Court. No certificate of the character mentioned in section 75(2)(2) of the Civil Practice act, was issued by the Appellate Court or a judge thereof in vacation.

On September 12, 1941, this court dismissed the petition for leave to appeal for want of jurisdiction. A motion is now made by petitioner to set aside the order of dismissal and that the petition for leave to appeal be further considered.

In support of the motion it is contended that inasmuch as the judgment of the circuit court was not against, but

in favor of, the plaintiff, said provision of the Practice act has no application and that this court has jurisdiction to review the judgment of the Appellate Court.

The judgment here being in favor of the plaintiff it is obvious that petitioner's contention that said provision of the Practice act has no application, is correct. But it does not follow that this court has jurisdiction to review the judgment.

The further contention is made that the amount involved is the amount of the claim, as filed, notwithstanding the judgment entered was less than $1500, and that the statute fixing the amount necessary to give this court jurisdiction has been so construed in *Wooley* v. *Lyon,* 115 Ill. 296, *Estate of Guyer* v. *Caldwell,* 189 id. 581, and other cases cited.

The applicable section of the statute on which those decisions were based was materially different from the present statute. The case of *Wooley* v. *Lyon, supra,* was based upon a statute which denied to this court jurisdiction to review the judgments of Appellate Courts in all cases "wherein the amount involved" was less than $1000. In that case the court construed the words "amount involved."

In *Estate of Guyer* v. *Caldwell, supra,* the court construed section 90 of the Practice act of 1877. (Ill. Rev. Stat. 1899, chap. 110, par. 91.) That section conferred jurisdiction on this court to review judgments of the Appellate Courts in all cases "where the sum or value in controversy shall exceed one thousand dollars." In subsequent amendments of that section of the statute and the corresponding section of the Appellate Court act prior to 1929, minor changes were made in the language relating to the jurisdiction of this court, which are not material to be here considered.

In 1929, section 121 of the Practice act of 1907 was amended and rewritten. As then amended it conferred on this court jurisdiction to review judgments of the Appel-

late Courts in all cases *ex contractu,* where the *"judgment,"* exclusive of costs, was more than $1500. It further provided that in cases where judgment was entered against the plaintiff, this court should have jurisdiction to review the judgment of an Appellate Court, but only upon condition that such court, or a judge thereof in vacation, issue a certificate to the effect "that there is fairly involved in the claim of the plaintiff more than $1500." Smith-Hurd Stat. 1933, chap. 110, par. 120.

Substantially the same language was used in section 75 of the Civil Practice act (Smith-Hurd Stat. 1933, chap. 110, par. 199) which, with certain amendments, wholly immaterial in this respect, is still in force.

Continuously since the amendment of 1929, to the applicable section of the Practice act of 1907, the jurisdiction of this court to review judgments of the Appellate Courts in cases where the judgment is in favor of the plaintiff, is based upon the amount of the "judgment" and not upon the "amount involved," as, under the prior acts. In view of this material change in the language of the jurisdictional section of the statute, the cases cited have no application to the statute as it is now worded.

Under the present statute this court has no jurisdiction to review a judgment of an Appellate Court in an action *ex contractu,* where the judgment is in favor of the plaintiff and is less than $1500, except upon appeal granted by the Appellate Court, in accordance with the provisions of section 75(2)(1) of the Civil Practice act.

Even before the statute was amended making the amount of the judgment the determining factor as to the jurisdiction of this court, it was held that where there was a trial on the merits, the amount of the judgment controlled as to the appellate jurisdiction of this court. It is only when there was no trial on an issue of fact in the court below that resort can be had to the pleadings to determine the amount involved. *People* v. *Crowe,* 240 Ill. 348;

*Wheeler* v. *Pullman Palace Car Co.* 228 id. 28; *Murphy* v. *Murphy*, 207 id. 250; *Murray Iron Works Co.* v. *DeKalb Electric Co.* 200 id. 186.

The judgment here was in favor of the plaintiff. It was less than $1500. Clearly this court has no jurisdiction to grant leave to appeal from that judgment. The motion to vacate the order dismissing the petition for leave to appeal must be denied.

*Motion denied.*