(No. 28678.—

SONIA ZECHMAN, Appellant, *vs.* BERNARD B. ZECHMAN, Appellee.

*Opinion filed September 19, 1945—Rehearing denied Nov. 19, 1945.*

MILTON J. SABATH, of Chicago, for appellant.

SAMUEL A. RINELLA, (HARRY G. FINS, of counsel,) both of Chicago, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This cause originated in a complaint for divorce filed by appellant in the superior court of Cook county. The complaint prayed for the dissolution of the marriage, custody of a minor child, the return of jewelry and other personal property, and, the contents of a safety-deposit box. It was also alleged in the complaint that appellee had induced appellant to sign certain deeds conveying real estate owned by him through fraudulent representations made by him. It asked that said deeds be set aside; that appellee be ordered to pay alimony and solicitor's fees and for the support of the minor child, and that the property rights of appellant and appellee be determined and adjusted. Certain other parties were named as defendants in the complaint who, it was alleged, held property for appellee and belonging to him. The prayer of the complaint was that such parties be required to disclose and

account for all such property held by them belonging to appellee.

Upon a hearing the court entered a decree granting to appellant a divorce. By the decree the court also awarded to her the custody of the minor child, subject to the right of visitation by appellee for two hours each Sunday afternoon. It was further ordered that appellee pay the sum of $12 per week for permanent alimony and for the support and maintenance of the child and $125 solicitor's fees. By the decree the court found that appellant was not entitled to any equity in any real estate or personal property owned by appellee.

An appeal was perfected by appellant to the Appellate Court, First District, from those parts of the decree concerning the custody of the child, the alimony and solicitor's fees allowed, and the finding that appellant was not entitled to any equity in any real estate or personal property owned by appellee.

A notice of cross appeal was filed by appellee from that part of the decree granting the divorce. This cross appeal seems, however, not to have been perfected by appellee, as it is not considered, and nowhere mentioned in the opinion of the Appellate Court. It is stated in the argument of appellant, and not denied by appellee, that the cross appeal was abandoned and not argued in the Appellate Court. We will so treat it. The Appellate Court affirmed the decree of the trial court. Upon petition of appellant, we granted leave to appeal to review that judgment.

At the threshold of the case we are met with the contention of appellee that this court has no jurisdiction to consider the appeal. This contention is based upon the argument that the case is an action *ex contractu* or one sounding in damages; that the amount of the decree was less than $1500, and that no certificate was issued by the Appellate Court, or a judge thereof in vacation, to the effect that there is fairly involved in the claim of appellant

$1500 or more. If the case belongs to that class of cases in which the jurisdiction of this court is dependent upon the amount involved, jurisdiction could not be conferred by the certificate of the Appellate Court, or a judge thereof in vacation, that there is fairly involved in plaintiff's claim $1500 or more. This provision does not apply to cases in which the judgment is in favor of the plaintiff and, independent of all contingencies, is not for $1500 or more. In such cases the jurisdiction of this court can only be invoked upon an appeal allowed by the Appellate Court. (*Martin* v. *Estate of Martin,* 377 Ill. 392.) The decree in this case was for $12 per week alimony and $125 solicitor's fees. It was not, independent of all contingencies, for $1500 or more. *Miles* v. *Miles,* 200 Ill. 524.

The jurisdictional question raised presents for determination the question of whether the case is an action *ex contractu* or one sounding in damages, within the meaning of those terms as used in section 75 of the Civil Practice Act. Inasmuch as there is, obviously, considerable confusion as to the class of cases within the jurisdictional limitation imposed by said section, a clarification of the applicable rule would seem to be in order. By that section the jurisdiction of this court to review judgments of the Appellate Courts in actions *ex contractu* and in cases sounding in damages is limited to actions in which the judgment is for $1500 or more, cases, regardless of the amount involved, in which the Appellate Court shall issue a certificate of importance, and cases in which the judgment is against the plaintiff and there is issued by the Appellate Court, or one of the judges thereof in vacation, a certificate to the effect that there is fairly involved in the claim of the plaintiff $1500 or more. This and similar limitations on our jurisdiction originated in section 90, which was added to the Practice Act of 1872 by an act passed in 1877. (Laws of 1877, p. 153.) By that section the jurisdiction of this court in actions *ex contractu* and cases sounding in

damages was limited to cases where the amount involved was $1000 or more. Such limitation was carried over into section 121 of the Practice Act of 1907. (Laws of 1907, p. 468.) Section 121 of the Practice Act of 1907 was amended in 1909, but the jurisdictional amount was not changed. (Laws of 1909, p. 304.) In 1929, that section was again amended and the jurisdictional amount increased to $1500. (Laws of 1929, p. 578.) The same limitation is now contained in section 75 of the Civil Practice Act. Ill. Rev. Stat. 1943, chap. 110, par. 199.

It will thus be seen that continuously since 1877 the jurisdiction of this court to review judgments of the Appellate Courts in actions *ex contractu* and in cases sounding in damages has been limited to cases in which the jurisdictional amount is involved. The question as to what cases are included in the class in which the jurisdiction of this court was dependent upon the amount involved was first considered by this court in 1879, in *Baber* v. *Pittsburgh, Cincinnati and St. Louis Railroad,* 93 Ill. 342. In that case, after declaring that section 90, which was added to the Practice Act in 1877, and section 8 of the Appellate Court Act of 1877, (Ill. Rev. Stat. 1943, chap. 37, par. 32,) were *in pari materia* and must be construed together, it was said:

"The two classes thus carved out of the 90th section by the specific provisions of the 8th section are respectively characterized as 'all cases finally determined in the Appellate courts in actions *ex contractu*,' and 'all cases sounding in damages.' Neither of the expressions by which these two specific classes are distinguished is used in its technical sense. The term *ex contractu,* by which the first class is defined, is ordinarily applied to actions at law, as contradistinguished from suits in equity; but that the term is here used so as to include all suits and proceedings, both at law and in equity, for the enforcement of contracts where the claim or right sought to be enforced is sus-

ceptible of direct proof, can hardly admit of a doubt, when the several provisions of the statute bearing on the question are considered.

"The use of the word 'decree' in connection with the two classes specified in the 8th section has an important bearing upon the question, and would seem to be conclusive of it. The language of the statute is, that in all cases determined in said Appellate courts, in actions *ex contractu,* wherein the amount involved, etc., * * * and in all cases sounding in damages, wherein the judgment of the court below is less than $1000, exclusive of costs, etc., * * * the judgment, order or *decree* of the Appellate Court shall be final, etc. Now, it is manifest, that the word 'decree' is appropriate only to cases in chancery, and that there is nothing to which it can refer in the section except to the final determinations of the court, either in cases sounding in damages or in actions *ex contractu;* and of course it would more appropriately refer to the former, for there is nothing better settled than that a bill in chancery does not lie for the recovery of damages merely. To this rule there is not an exception. The word 'decree' must, therefore, refer to the determinations of the courts in actions *ex contractu;* and if so, the conclusion is irresistible that by the expression, actions *ex contractu,* as used in that connection, the legislature intended to include, subject to the qualifications we have mentioned, proceedings in chancery, as well as law, for the enforcement of rights arising out of contract. * * *

"Inasmuch as the 90th section and the provisions of the 8th section, which relate to the specific classes therein provided for, have reference only to such legal proceedings as are instituted to recover either chattels or money, it follows that there is yet another class of cases which do not directly involve property rights, and, therefore, do not fall within either of the three classes above mentioned. This class of cases will include bills for divorce, actions of man-

damus, and certain classes of bills for injunctions where they are not in effect brought to recover chattels or a money demand.

"In all cases of this character, not directly involving property rights, an appeal or writ of error lies without regard to the magnitude of the interests involved."

The question was again before the court in *Umlauf* v. *Umlauf*, 103 Ill. 651. That case was a suit for separate maintenance. It was there said: "The object of the proceeding under consideration is to recover money from the husband for the maintenance of the wife, and it is prosecuted upon the assumed legal hypothesis that, under the circumstances alleged and proved, he is bound to pay the amount sought to be recovered for the purpose in question. Assuming there is a right of recovery at all, it clearly grows out of the marital relations of the parties, and hence is brought within that numerous class of legal obligations which are known to the law as contracts created by law, in contradistinction to those created by the parties themselves. They are also sometimes distinguished from other contracts as *quasi* contracts. Viewed in this light, it is clear the record must affirmatively show the amount in controversy is as much, at least, as $1000, exclusive of costs, otherwise the appeal was improvidently taken."

The question was next considered in *Seelye* v. *Seelye*, 143 Ill. 264. That was also a suit for separate maintenance. It was there held on the authority of the *Umlauf case* that the amount involved being less than $1000, this court had no jurisdiction to review the judgment of the Appellate Court. The same conclusion was reached in *Miles* v. *Miles*, 200 Ill. 524. In that case the husband filed a suit for divorce. After an answer and replication were filed, the wife filed a cross bill praying for separate maintenance. An answer was filed by the husband to the cross bill and a replication to such answer. On a hearing, the trial court dismissed the original complaint for want of equity. A

decree was entered on the cross bill for separate mainte-
nance, alimony, and solicitor's fees. An appeal was taken
from that decree by the plaintiff to the Appellate Court,
where the decree was affirmed. The plaintiff then prose-
cuted a writ of error from this court to review the judg-
ment of the Appellate Court. It was there said: "Plain-
tiff in error in the Appellate Court withdrew from the con-
sideration of that court that part of the decree of the lower
court, which dismissed his bill for want of equity. In his
brief filed in the Appellate Court, counsel for plaintiff in
error said: 'As to the prayer for divorce on behalf of
appellant, it is neither insisted upon now, nor desired, and
he wishes to withdraw all suggestions in relation thereto.'
In other words, the plaintiff in error has waived any ob-
jection, which he had, or might have had, to the decree
of the trial court, dismissing his original bill for divorce;
and the only matter, which was presented for review in
the Appellate Court, and which is now urged upon the
attention of this court, is the decree entered by the court
below upon the cross-bill, filed by the defendant in error,
which was a bill for separate maintenance."

The court concluded that inasmuch as the only matter
involved was the decree on the cross bill for separate main-
tenance, alimony, and solicitor's fees, it was an action *ex
contractu,* and the amount of the decree being less than
the jurisdictional amount, this court was without jurisdic-
tion. The writ of error was dismissed.

Again, in *Kouka* v. *Kouka,* 221 Ill. 98, the court con-
sidered a case involving only that portion of a decree re-
quiring the payment of alimony. It was there said:

"Plaintiff in error's beginning of the statement of the
cause is as follows: 'A writ of error was sued out from
the court below in this case and assignments of error made
calling in question the propriety of the decree of the cir-
cuit court in awarding permanent alimony to the defend-
ant in error.' It will thus be seen from his own statement

that the only part of the decree involved and asked to be reviewed is the part relative to alimony.

"The Appellate Court affirmed the decee of the trial court, and this writ of error is prosecuted to reverse the judgment of the Appellate Court without a certificate of importance.

"This court has frequently held in chancery proceedings, that where a decree in chancery is severable which is composed of distinct parts, each part may be treated as a distinct decree and an appeal taken from only one part without affecting the other. (*Walker v. Pritchard,* 121 Ill. 221; *Oliver v. Wilhite,* 201 id. 552.) And it would make no difference if the whole of the decree is appealed from, provided error is only assigned as to one part of the decree; and that part upon which error is assigned and argued in this court would be the only part of the decree that this court had jurisdiction to review. In the case of *Miles v. Miles,* 200 Ill. 524, the court held that the amount involved did not necessarily amount to $1000, notwithstanding the decree in that case provided that the plaintiff in error pay the sum of $30 a month in advance and the wife to occupy free of rent a certain house or dwelling the rental value of which amounted to $35 a month, together with the sum of $200 solicitor's fee. In that case we said: 'Before the right to appeal attaches in a case like this, it must clearly appear from the record there is involved in the controversy, independent of all contingencies, the amount of $1000, exclusive of costs.' "

In *Reifschneider v. Reifschneider,* 241 Ill. 92, the suit was a complaint by the wife for separate maintenance. The answer of the defendant, however, alleged the invalidity of the marriage. A decree was entered on the complaint for alimony and solicitor's fees. This decree was affirmed by the Appellate Court. An appeal was prosecuted from the judgment of the Appellate Court to this court. It was there said: "Appellee made a motion in this court to dis-

miss the cause, no certificate of importance having been given by the Appellate Court, because under the statute no appeal could be taken from the judgment of the Appellate Court to this court, citing in support of this contention, *Umlauf* v. *Umlauf,* 103 Ill. 651, *Miles* v. *Miles,* 200 id. 524, and *Kouka* v. *Kouka,* 221 id. 98. These authorities hold, in effect, that when the temporary alimony ordered by the trial court does not exceed $1000, and that is the only question raised by the assignments of error in this court, no appeal is allowed from the Appellate Court; but it is plainly intimated in those decisions that if the legality of the marriage were involved the appeal might be allowed. * * * The appeal in this case directly involved the validity of the marriage, without regard to the magnitude of the interests involved. The motion to dismiss must therefore be refused."

The rule deducible from the foregoing cases is that suits, both at law or in equity, for the recovery of money or property, are either actions *ex contractu,* or cases sounding in damages; that actions for separate maintenance are actions *ex contractu,* and belong to the class of cases in which the jurisdiction of this court is dependent upon the amount of the decree; that cases in which a decree is entered for divorce and alimony, and an appeal is taken only from that part of the decree awarding alimony, are also within the class of cases in which the jurisdiction of this court is dependent upon the amount of the decree. The rule is further clearly established by those decisions that cases involving questions other than those relating to alimony and support, such as the validity of the marriage, the dissolution of the marriage vows, or the custody of children, are not actions *ex contractu* or cases sounding in damages, and do not belong to the class of cases in which the jurisdiction of this court is dependent upon the amount of the decree.

In this case the decree reviewed by the Appellate Court was not one solely for the recovery of alimony or support, or one for the adjudication of the title to property and property rights claimed in the complaint. In so far as it involved the recovery of money or property, it was within the class of cases to which the jurisdictional limitation applies. But the decree also involved the question of the custody of the child. This was, sufficient to take the case out of the class of cases in which the jurisdiction of this court is dependent upon the amount of the decree. This was one of the questions determined by the trial court and also by the Appellate Court. In so far as the decree appealed from determined and disposed of the question of the custody of the child, it was not an action *ex contractu* or a case sounding in damages. In view of the fact that this question was involved in the case and in the decree on the appeal, this was sufficient to take the case out of the class of cases in which the jurisdiction of this court is dependent upon the amount of the decree, or the amount certified by the Appellate Court to be fairly involved in the claim of the plaintiff where the decree is against the plaintiff.

This brings us to the merits of the case. The first contention of counsel for appellant can be best stated by quoting the first paragraph in appellant's brief. This paragraph is as follows: "The chancellor on a hearing limited to the single issue of whether a divorce was to be granted decided all the other questions in the case without giving plaintiff an opportunity to present evidence on such questions. Plaintiff was improperly deprived of a trial of her property rights." Counsel then states that the cause was tried under an oral agreement, which it is admitted is not shown by the record, that the court would hear and determine the issue of whether a divorce should be granted and that all the other issues would be deferred and heard at a later date. It is then repeatedly stated and reiterated

in the brief that no evidence was offered touching the question of the custody of the child or the question of the deeds sought to be set aside, appellant's property rights, or bearing upon the subject of the amount of alimony to be allowed.

The record, as abstracted, lends some support to this contention. Our particular attention is called to a statement made by the court in ruling on an objection to testimony, which is quoted from the record as follows: "All you are to ask now are as to the issues here, as to whether or not the decree should or should not be issued. As to alimony, solicitor's fees, child support and so forth, that is not an issue here at this time." The record, as abstracted, does not show that any testimony was offered touching the question of alimony or solicitor's fees, and little, if any, on the question of the custody of the child. Neither does it show that any evidence was offered on the issue concerning the deeds to real estate, which the plaintiff asked to have set aside.

Strange as it may seem, counsel for appellee did not file an additional abstract of the record. However, an examination of the record discloses that evidence on all these issues was fully presented on the hearing. Those questions were gone into at length in the testimony on the trial. From this, it is apparent that counsel for appellant, in abstracting the record, inserted in the abstract only such parts of the evidence as are favorable to his contentions and avoided presenting anything in the abstract which contradicts such contentions. The testimony, as presented in the abstract, is made to fit the argument. We do not approve of such practice. It is a gross violation of the rules of this court.

The record shows that evidence on all the questions was heard by the court; that evidence was offered by both parties on all the issues and questions involved. All the evidence offered by either party was received and heard

by the court. Notwithstanding counsel, during the taking of evidence, may have misled the court into making the statement above quoted, believing that such an agreement had been made, both sides did, in fact, offer evidence on all the issues involved, and the court in entering the decree correctly treated the hearing as a final hearing on all the questions.

As already noted, appellant, in abstracting the record, has completely ignored Rule 38. Such testimony as is set out in the abstract is not in abstract form, but in questions and answers literally taken from the record, disregarding entirely the order and sequence in which the questions were propounded and the answers made. The abstract is incomplete and wholly insufficient to present the record on the errors alleged. For this violation of the rule, we would be amply justified in refusing to consider any of the errors assigned. *Department of Finance* v. *Sheldon,* 381 Ill. 256; *Department of Finance* v. *Bode,* 376 Ill. 374.

However, inasmuch as we have been compelled to examine the entire record in order to determine the jurisdictional question raised, we have also considered the errors assigned on the merits of the decree. The contention that the court erred in the order concerning the custody of the child in granting the right to appellee to have the custody and the right to visit with the child for two hours each Sunday afternoon, is frivolous. The custody was given to the mother. Appellant would have the court deny to appellee all right of visitation. This would be wholly inequitable and unjust. The court heard evidence at length concerning the earnings of appellee and the property owned by him as bearing on his ability to pay alimony. It also heard the testimony of appellant at length as to her finances and financial needs, as bearing upon the subject of the amount of alimony payments to be fixed by the decree.

The argument that the court had no right to fix the alimony payments at less than the temporary payments

ordered on a prior date, without proof of a change in conditions, cannot be sustained. Even where no changed conditions are shown, the court on a final hearing should fix the alimony payments at such an amount as is justified by the evidence, regardless of the fact that such payments as fixed by the final decree are less than the temporary payments previously ordered. An order requiring the payment of temporary alimony is in its nature only temporary. It is not binding upon the court on a final hearing.

We agree with the Appellate Court that there is no reversible error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*