(No. 29942.—

ALBERT W. MATTHEWS, Appellee, *vs.* TRINITY UNIVERSAL INSURANCE COMPANY, Appellant.

*Opinion filed May 22, 1947.*

KRAMER, CAMPBELL, COSTELLO & WEICHERT, and NORMAN J. GUNDLACH, both of East St. Louis, for appellant.

PHILIP G. LISTEMAN, and WHITNEL, LISTEMAN & WALKER, both of East St. Louis, (LLOYD MIDDLETON, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Defendant appeals from a judgment of the Appellate Court for the Fourth District reversing a judgment of the circuit court of St. Clair county and remanding the cause with directions to enter judgment for the plaintiff.

This is an action on a bond, in the penal sum of $2300, executed by the Village of Washington Park, as principal, and with the defendant as surety. The plaintiff had secured a compensation award against the village for an injury sustained while in its employ. The bond was filed as part of the *certiorari* proceedings to secure a review of the award in the circuit court. The *certiorari* proceedings were dismissed, on motion of the plaintiff, because the bond in question had not been approved by the clerk of the circuit court within the time fixed by statute. Plaintiff then filed this suit to collect on the obligation of the bond. Defendant filed a verified answer setting up an affirmative defense that the bond is of no force and effect and was voided by the acts of the plaintiff in having the writs quashed in the *certiorari* proceedings. Plaintiff's motion to strike the answer, as not being a bar to his claim, was overruled, and, upon his electing to abide by his motion, judgment was entered for the defendant in bar of plaintiff's action. On appeal the Appellate Court reversed the judgment and remanded the cause for further proceedings,

with directions to enter judgment for the plaintiff if no defense was raised other than that disclosed by the verified answer as shown by the record.

Plaintiff, in his answer to the petition for leave to appeal, questions the jurisdiction of this court on the ground that the judgment is against the plaintiff and that no certificate has been issued by the Appellate Court, or one of the judges thereof in vacation, to the effect that there is fairly involved in the claim of plaintiff $1500 or more. When defendant's petition for leave to appeal was granted, plaintiff's motion to dismiss for want of jurisdiction was taken with the case.

The raising of the jurisdictional question presents for determination an interpretation of section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1943, chap. 110, par. 199,) about which there still appears to be some confusion. Under the provisions of that section jurisdiction of this court to review judgments of the Appellate Courts in actions *ex contractu* and in cases sounding in damages is limited to three classes of cases: (1) Where leave to appeal is granted in the Appellate Court by the issuance of a certificate of importance, regardless of the amount involved; (2) where the judgment, exclusive of costs, shall be for $1500 or more; (3) where the judgment is against the plaintiff and there is issued by the Appellate Court, or by one of the judges thereof in vacation, a certificate to the effect that there is fairly involved in the claim of the plaintiff $1500 or more. In the first class of cases no jurisdictional amount is involved. In the second class of cases the jurisdictional amount is determined by the amount of the judgment set out in the record on appeal. It is only in the third class of cases that a certificate as to the amount involved becomes necessary before this court can acquire jurisdiction. *Zechman* v. *Zechman,* 391 Ill. 510; *Martin* v. *Estate of Martin,* 377 Ill. 392.

In this case no certificate of importance has been granted by the Appellate Court. The record does not reveal that any certificate has been issued by the Appellate Court, or by one of the judges thereof in vacation, to the effect that there is fairly involved in the claim of plaintiff $1500 or more. Unless this case falls within that class of cases where the amount involved can be determined from the judgment, this court cannot take jurisdiction to review the judgment of the Appellate Court.

The judgment of the trial court was against the plaintiff and in bar of his action. Had the Appellate Court affirmed that judgment this court unquestionably could not have acquired jurisdiction of an appeal from the Appellate Court without the certificate required by the statute. (*First Nat. Bank* v. *Watkins,* 370 Ill. 445; *Segal* v. *Chicago City Railway Co.* 339 Ill. 635.) However, the Appellate Court reversed the judgment of the trial court and remanded it with directions to enter judgment for the plaintiff if no defense was raised other than that disclosed by the record on appeal. Does the judgment of the Appellate Court bring this case within the class of cases where no certificate is required to show the jurisdictional amount involved? We do not believe that it does.

In the present case, the Appellate Court did not direct that judgment be entered in favor of plaintiff for any specified sum. Judgment was directed contingent upon there being no other defense interposed to his action. Judgment in the trial court was against the plaintiff. There is no judgment in existence from which the jurisdictional amount can be determined. Under former statutes it would have been possible, where there was no trial on an issue of fact, to resort to the pleadings to determine the jurisdictional amount involved. The present statute contains no such provision. In this class of cases jurisdiction is now based on the amount of the judgment. (*Martin* v. *Estate of*

*Martin,* 377 Ill. 392.) There being no judgment from which the amount involved can be determined, it follows that no jurisdiction is conferred on this court to review the judgment of the Appellate Court in the absence of a certificate issued by that court, or by one of the judges thereof in vacation, to the effect that there is fairly involved in the claim of the plaintiff the sum of $1500 or more.

For the reason that it appears that leave to appeal was improvidently granted, the appeal is dismissed for want of jurisdiction.

*Appeal dismissed.*