EUGENE K. ELFGEN *et al.*, Plaintiffs, Counter Defendants-Appellants, *v.* NOLL'S ICE CREAM & FROZEN FOOD Co., Defendant, Counter Plaintiff-Appellee.

(No. 70-59;

Fifth District—March 9, 1971.

Thomas, Mottaz & Eastman, of Alton, for appellants.

Schlafly, Godfrey & Fitzgerald, of Alton, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Counterdefendant appeals from a jury verdict of $10,000.00 based upon a charge of malicious prosecution and defendant-counterplaintiff contends a verdict awarding $1,200.00 for rent is erroneous.

The plaintiffs, Eugene K. Elfgen and Dorothy H. Elfgen, purchased the real estate involved, at which time the defendant, Noll's Ice Cream & Frozen Food Co., the previous owner, became a tenant on a portion of the purchased premises.

During the course of the defendant's occupancy a dispute arose with respect to a claimed breaking of a vapor barrier in the freezer room which was a part of the premises leased to the defendant. The lease had commenced on March of 1966, and the defendant made various rental payments through December of 1966. Thereafter, no further rent was paid by the defendant, but it continued in occupancy until approximately April 1, 1967, when it removed leaving certain inventory and equipment items upon the premises.

In January 1967, plaintiffs entered into an arrangement with their son-in-law, an attorney, who was principal counsel for the plaintiffs during the trial of the instant case, in substance, to obtain possession of the premises and to sue for rent which plaintiffs claim was due.

On March 10, 1967, plaintiffs, with their son-in-law as one of the attorneys, filed a verified complaint for confession of judgment for $800.00 rent for January and February and statutory double rent under the Landlord & Tenant Act (ch. 80, Ill. Rev. Stat. par. 2 and 3) for March plus $205.00 attorneys' fees. An attorney confessed judgment by cognovit and the trial court entered judgment by confession in the amount of $1,805.00 and costs.

Plaintiffs' attorney son-in-law swore to an affidavit for garnishment which was filed on behalf of plaintiffs in the confession of judgment case against defendant and the Alton Banking & Trust Company on June 9, 1967, for the amount of confession plus costs. The garnishee defendant bank answered interrogatories showing the defendant had a checking account balance in the amount of $1,290.78.

The defendant learned of the confessed judgment in connection with the garnishment matter and on June 15th defendant filed a motion to open the confession of the judgment. On June 23, 1967, the trial court entered the following order:

"The attorney in this case exceeded his authority in executing the Confession of Judgment as it appears on the face of the Complaint and void. The judgment on its face being void, it is vacated and leave given Plaintiff to plead and the garnishment based on said judgment falls with said judgment."

On July 13, the defendant filed a counterclaim in the original proceeding

alleging malicious prosecution against one of the plaintiffs, Eugene K. Elfgen. Counterdefendant Elfgen filed a motion to dismiss the counterclaim but did not question the sufficiency of the counterclaim to state a cause of action.

After answers and reply were filed, the cause proceeded to trial. The counterdefendant filed a motion for directed verdict at the close of all the evidence and filed a post trial motion, in arrest of judgment, setting forth, among other grounds, the failure to allege and prove that the original civil proceeding was not finally terminated in favor of the counterplaintiff. The jury verdict included punitive damages exceeding the actual loss claimed. Defendant filed its post trial motion in which it claims error in the giving and refusing of certain instructions on the issues contained in the plaintiffs' complaint and answer.

■■ With respect to the defendant's appeal, it is not necessary for us to consider each of the assignments of error in view of the conclusions which we reach. It is apparent from the counterclaim that the nature of the action brought by the counterplaintiff is one charging malicious prosecution. This is repeatedly conceded by the defendant-counterplaintiff in his brief in this court. One of the elements of an action for malicious prosecution is final termination of the original civil proceeding in favor of the accused. (See *Schwartz v. Schwartz*, 366 Ill. 247, 8 N.E.2d 668, and *Glenn v. Lawrence*, 280 Ill. 581, 117 N.E. 757.) Defendant concedes that this is a necessary element of its case, but contends it is provided by proof of the above order of June 23.

This order was entered in this cause and although it set aside the confessed judgment and garnishment it gave plaintiff leave to plead and the question of the alleged non-payment of rent was adjudicated in this cause. Defendant contends that the case of *March v. Cacioppo*, 37 Ill. App.2d 235, 185 N.E.2d 397, (which is cited also by plaintiff) is authority that this is a sufficient final termination to provide the requisite element for a suit in malicious prosecution. We do not agree.

The *March* case was not a case of malicious prosecution. It was based on a separate action of garnishment. The case passes upon the sufficiency of the pleadings to state a cause of action for malicious use of process. The confession of judgment in the *March* case was by admission of the motion to dismiss a case which was wholly void by reason of no signature to the lease and for unaccrued rent. The court held the judgment divisible and found the future rent claim as finally disposed.

In the instant case the original action and the garnishment did not become final by way of judgment until the appeal was taken here. The plaintiff could have contended here that the action of the trial court was

erroneous but did not do so. See Illinois Supreme Court Rule 304(a); also, *Reynolds v. DeGeer,* 13 Ill. App. 113. Therefore there was no final termination of the plaintiffs' action at the time the verdict was entered and when the court ruled on the post trial motion.

■■ This is not to say that we approve the action in confessing judgment on the claim of double rent. Since the question is not before us we do not consider liabilities which may exist against the attorneys or others who without authority of law confess judgment. The power given to an attorney to confess judgment against a party should be used only where on the face of the matter authority is given by the power of attorney and the law.

■■ Whatever may be the rights where other torts are concerned, malicious prosecution is not a favorite of the law (*Schwartz v. Schwartz,* 366 Ill. 247, 112 A.L.R. 325). Public policy requires that all persons freely resort to the courts for redress of wrongs and the law protects them when they act in good faith. But this policy does not concern other actions for actual damages so that the counterplaintiff was not without remedy.

■■ The defendant's complaint about the verdict for rent is based entirely upon claimed errors in instructing the jury. We are not given any statement of facts about the evidence or this claim, the contentions are not contained in defendant's Points and Authorities, and the conference on instructions is not in the record or abstracted. We cannot determine on what questions the trial court ruled. The claim of error is not sufficiently presented or preserved and is waived. *Jackson v. Gordon,* 37 Ill.App.2d 41.

■■ For want of a final judgment which is a necessary element of proof of malicious prosecution, the trial court erred in denying the prayer of the post trial motion in arrest of judgment on the counterclaim. The verdict of the jury on plaintiff's complaint is affirmed.

Reversed in part, affirmed in part.

EBERSPACHER and G. MORAN, JJ., concur.