ROBERT TURNER, Plaintiff-Appellee, *v.* GEORGE BOSTON, Defendant-Appellant.

(No. 71-227;

Fifth District—March 21, 1973.

Eldon Durr, of Durr & Durr, of Edwardsville, for appellant.

William F. Kinder, of Kinder, Scroggins & Kinder, of Granite City, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant appeals from a judgment rendered on a jury verdict for the plaintiff in an action based upon a partly written and partly oral contract for sale of a backhoe.

In his brief here, defendant raises five points: (1) error in refusing to submit defendant's counterclaim to the jury; (2) error in dismissing the counterclaim; (3) error in refusing judgment notwithstanding the verdict; (4) the verdict was greater than the amount claimed or shown by the evidence; (5) error in denying defendant right to argue repossession. Of these points only number (3) and (5) are mentioned in the post-trial motion.

■■ It is a long standing policy of courts of appeal not to consider contentions which are not submitted to the trial court. Therefore, as to those points made here which were not included in the post-trial motion, the defendant cannot rely upon them here. See *Janisco v. First National Bank of Lockport*, 311 Ill.App. 296, 35 N.E.2d 828; Illinois Law & Practice, Appeal and Error, sec. 297.

By reason of the foregoing, we may not consider the alleged errors in refusing to submit the counterclaim, in dismissing the counterclaim, and that the verdict is greater than the complaint or evidence supporting it.

The defendant does not include any portion of the argument in his abstract, and we are pointed to no place by the statement of facts where the court refused to allow the defendant to argue the matter of repossession.

■■■ Since the defendant has not included the matter of the refusal of argument in his post-trial motion, abstract, or appeal, we may not consider this point. The failure to abstract the record on this point is sufficient to deny the contention. See *Elfgen v. Noll's Ice Cream & Frozen*

*Food Co.*, 131 Ill.App.2d 1066, 267 N.E.2d 731; *Zechman v. Zechman*, 391 Ill. 510, 63 N.E.2d 499.

■■ The denial of judgment notwithstanding the verdict, although the defendant again fails to appeal from the order denying the post-trial motion which included a request for judgment notwithstanding the verdict, may be disposed of by the statement, made four times by the defendant in his argument here, that "the evidence and the law further demonstrated that, at the most, plaintiff was entitled to a recovery of $1,548.45." The argument of the defendant is that the verdict was excessive in amount. This is not an argument which supports the contention of error on the part of the court in denying the motion for judgment notwithstanding the verdict. If such a contention had been made to the trial court in the post-trial motion, which it was not, the most the trial court could have done would have been to permit a new trial in whole or in part. The concession that the plaintiff was entitled under the law and evidence to a judgment in a lesser sum effectively disposes of a claim of error in denying judgment notwithstanding the verdict.

There are other grounds which would require affirmance but for the foregoing reasons we deem it unnecessary to discuss them here.

Judgment affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.