# Commonwealth ex rel. Bock *v.* Bock, Appellant.

Argued March 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

160

*Thomas A. Foulke,* with him *John E. Flynn,* for appellant.

*Julian W. Barnard,* with him *Elmer L. Menges,* for appellee.

OPINION BY ROSS, J., July 19, 1946:

This is a habeas corpus proceeding brought by a wife against her husband to secure custody of their son, Eric, who was born on March 24, 1939. The petition was filed on January 31, 1944, and after numerous hearings and the taking of approximately 600 pages of testimony, the court below entered a final order on April 20, 1945, from which the respondent husband appeals to this court. A divorce action brought by the wife against the husband was pending at the time of the final hearing on this matter in the court below.

The final order and decree of the court below, exceptions to which were dismissed by the court en banc, reads as follows: "And now, this 20th day of April, 1945, it is ordered and decreed that from the date of notice of this order the respondent father shall have the custody of Eric during each school week, beginning at 7 o'clock on Sunday evening and ending at 4 o'clock on the following Friday afternoon. The relator mother shall have the custody of Eric during the weekends from now until the end of the present school year from 4 o'clock on the following Friday afternoon. The relator mother shall have the custody of Eric during the weekends from now until the end of the present school year from 4 o'clock on Friday afternoon until the following Sunday evening at

7 P. M. This shall continue until the end of Eric's present school year in June when the relator mother shall have the custody of Eric for a period of thirty days, beginning at 4 P. M. on the day following the closing of Eric's school for the summer. At the end of such thirty days the respondent shall have the custody of Eric for a period of thirty days, beginning at 4 P. M. and ending at 4 P. M., whereupon the relator mother shall have the custody of Eric until 4 P. M. on the day preceding the beginning of Eric's school term in the Fall of the year. After the beginning of such school term Eric shall again remain with the respondent father during each school week. The weekends hereinbefore defined shall be spent with the relator mother, with the proviso, however, that every sixth weekend Eric shall remain with the respondent father. Such division of custody shall continue throughout the school year of 1945-46, when the custody of Eric shall be divided as provided for the vacation period of 1945, and so on until the further order of the court. The relator and respondent shall alternate in furnishing the transportation for Eric or make any other arrangement for such transportation as may be mutually satisfactory. This order shall supersede all previous orders."

The appellant contends that "the best interest and permanent welfare of the child will be best served by limiting the child's visits with his mother to one afternoon a week".

Where the dispute is between the father and mother in determining which of them shall have custody of the child, regard must be had to the fitness of such parent as well as the best interest of the child. Act of June 26, 1895, P. L. 316, sec. 2, 48 PS 92. *Commonwealth ex rel. Martocello v. Martocello*, 148 Pa. Superior Ct. 562, 25 A. 2d 855.

Although the appellant testified on cross-examination, "I never have doubted that she is a fit mother", and

162

again, "Mrs. Bock was a good wife", he contends that because of her associations with one, Collins, she is not a fit person to have even restricted custody of the son. We have read and considered all of the testimony in this case, as is our duty, (Act of July 11, 1917, P. L. 817, sec. 1, 12 PS 1874), but no good purpose would be served by a discussion of it. There is no doubt that the wife's associations with Collins were indiscreet and reprehensible and might sustain an inference of adulterous relationship. At the final hearing the court below was asked to find "that because of her adulterous relations with Dawson Collins she (Mrs. Bock) is not a fit person to have the custody of her child", but refused, stating: "The trial judge feels that taking into consideration all the testimony as to the relations between Mrs. Bock and Dawson Collins that there is ample evidence to support such a finding. However, we hesitate to make such a finding because after all these hearings have been mainly held in the interest of Eric Bock and it does not seem proper, if it can possibly be avoided in this proceeding, to make a finding that Eric's mother has been guilty of adultery."

In view of the above-quoted admissions of the husband and other testimony in the case, a conviction of adultery would not, of itself, render Mrs. Bock unfit to have partial custody of the child. Lapse from moral standards has been held not controlling in determining the question of custody where the parent is not otherwise at fault. *Commonwealth ex rel. Martocello v. Martocello,* supra.

The learned court below handled the usually troublesome problem of custody of a child in an able manner and from a reading of the record, we are convinced that he arrived at the proper conclusion.

Judgment affirmed.