# Commonwealth ex rel. McMenamin, Appellant, v. McMenamin.

Argued March 20, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John Patrick Walsh,* with him *Harry A. Rutenberg,* and *Leon Rosenfield,* for appellant.

*Irving R. Shull,* with him *Alfred I. Ginsberg* and *Bernard L. Lemisch,* for appellee.

OPINION BY GUNTHER, J., July 17, 1952:

This is a habeas corpus proceeding brought by the mother against the father to determine the custody of their daughter, three years of age.

In this type of case we are required to consider the testimony and make such order upon the merits of the case as to right and justice shall belong. Act of July 11, 1917, P. L. 817, §1, 12 PS §1874. Where, as here, the dispute is between the mother and father regard must also be had "to the fitness of such parent and the best interest and permanent welfare of said child" in determining which of them should have custody of the child. Act of June 26, 1895, P. L. 316, §2, 48 PS §92.

The parties were married on February 24, 1946, and separated on December 23, 1950. The mother, after the separation, went to visit her parents in Chicago but returned to Philadelphia shortly thereafter, and six weeks after the separation began visiting the child "in a hostile atmosphere" at least every other week at the home of the paternal grandmother. The evidence establishes that she bought clothes for the child, toys and other items, and has rented an apartment in the central part of Philadelphia where she will live and look after the child. The mother is presently gainfully employed but testified that she would give up her employment in order to devote her entire time to look after and care for her daughter. Appellant's father expressed complete willingness to contribute funds to supplement contributions of the natural father for the child's support and maintenance.

The court below, in awarding custody to the father, merely stated that the best interests of the child would be served by remaining with her father, without reciting reasons or circumstances which persuaded the court below so to conclude. After a careful examination of the record, we respectfully disagree with the appraisal of the evidence by the court below, for we find in this record no evidence of the mother's unfitness nor of so-called abandonment. No compelling reasons are exhibited by this record why the usual rule should not have been applied; namely, that children of tender years be awarded to the custody of their mother. We are convinced that the best interests and welfare of this child will be best served by maternal care and affection, no compelling reasons appearing to the contrary.

Appellee contends that appellant abandoned the child, but the record is barren of any such evidence. On the contrary, the evidence already recited clearly displays conduct wholly inconsistent with that of a parent who is moved to relinquish all parental duty and responsibility. This record lacks even a scintilla of evidence establishing a settled purpose on the part of appellant to forego all parental duties and relinquish all parental claims. Cf. *Hazuka's Case,* 345 Pa. 432, 29 A. 2d 88.

Appellee also complains of appellant's lapse from moral standards. Appellant was accused but later acquitted of an act of adultery. It is settled that lapse from moral standards is not necessarily controlling in determining the question of custody where the parent is not otherwise at fault. We may dispense summarily with that contention for it is not controlling here. *Commonwealth ex rel. Bock v. Bock,* 159 Pa. Superior Ct. 159, 48 A. 2d 133. Appellant is certainly not otherwise at fault.

The rule of law has often been reiterated that in the absence of compelling reasons the welfare of children of tender age is best promoted by awarding custody to the mother. We find no such compulsion here. Moreover, the question of visitation rights need not be difficult to arrange for the reason that both parents are living in the same town.

Order reversed and custody of Patricia Jean McMenamin is hereby awarded to the mother, Norma Jean McMenamin.

---

DISSENTING OPINION BY RHODES, P. J.:

As the majority opinion points out, the evidence falls short of establishing abandonment by the mother, but it does show that in regulating her conduct the welfare of her daughter was a secondary consideration. *Com. ex rel. Buncher v. Barr*, 169 Pa. Superior Ct. 45, 82 A. 2d 79. The evidence reveals that she left her husband and child in order to carry on a meretricious relationship. If future conduct can be gauged by past performance, the mother is not a fit person to have the custody of this child. See *Com. ex rel. Kreiling v. Kreiling*, 156 Pa. Superior Ct. 526, 40 A. 2d 704. I think the court below, in determining the best interests of this child, correctly awarded custody to the father, and that its order therefore should be affirmed.