Commonwealth ex rel. Finney *v.* Murphy, Appellant.

Argued March 8, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Henry E. Harner,* for appellant.

*H. Joseph Hepford,* for appellees.

OPINION BY ERVIN, J., April 21, 1954:

This is a habeas corpus proceeding instituted by the mother relatrix, joined in by her present husband, to obtain custody from the father, respondent, of Marsha Lee Murphy, their six year old daughter. The court below, after hearing, awarded custody of the child to the mother, now residing in Cleveland, Ohio, subject to the right of the father to have his daughter live with him at his home in Pennsylvania during the month of July of each year, with the obligation on relatrix to assume the responsibility of delivering the child to respondent's home and to pay the transportation costs thereto and therefrom, and also subject to the right of respondent, at his own expense, to have his daughter

bimonthly on week-ends during specified hours at such place as may be mutually agreed upon by the parents. The father now appeals from that order. This court granted a supersedeas pending the determination of the appeal.

Respondent and relatrix were married January 24, 1946 and lived together in Harrisburg, Pennsylvania. Their daughter, Marsha Lee Murphy, the child involved in this proceeding, was born August 16, 1946. Shortly thereafter the parents were evicted from the apartment in which they were then living and the custody of Marsha was given to respondent's mother and father in December, 1946. The child lived continuously with her paternal grandparents in Steelton, Pennsylvania, for six years until December 22, 1952. On June 30, 1952, six days after relatrix obtained a divorce from him, respondent married his present wife, June W. Murphy, with whom he is now living in Harrisburg, Pennsylvania. On October 18, 1952, approximately four months after her divorce from respondent, relatrix married her present husband, Lawrence A. Finney, with whom she is now residing in Cleveland, Ohio. On December 22, 1952 relatrix returned to Harrisburg, obtained Marsha from respondent's parents, took her to Cleveland, Ohio, and then advised respondent's parents that she intended to keep Marsha. On January 3, 1953 an unsuccessful attempt was made by respondent and his parents to bring the child back to Harrisburg from Cleveland. On February 26, 1953, the day before a hearing was scheduled on the petition of relatrix' present husband to adopt this child, respondent and his present wife went to Cleveland where respondent met Marsha on her way home from school and took her to the home of friends in Cleveland where he and his wife were staying. Subsequently, on February 28, 1953, respondent and his wife returned to

Harrisburg with Marsha, where she is now living with them.

The burden is upon appellant to establish that the order of the court below is, under the evidence, erroneous or based on a mistake of law. *Com. ex rel. Heller v. Yellin*, 174 Pa. Superior Ct. 292, 101 A. 2d 452; *Com. ex rel. Shaak v. Shaak*, 171 Pa. Superior Ct. 122, 90 A. 2d 270. In our view, based on an independent examination of all of the evidence, there was no such error, and the order of the court below will be affirmed.

The paramount consideration in cases of this nature is at all times the welfare and best interests of the child. *Com. ex rel. Schofield v. Schofield*, 173 Pa. Superior Ct. 631, 98 A. 2d 437; *Com. ex rel. Buckner v. Barr*, 173 Pa. Superior Ct. 124, 95 A. 2d 355, aff. 376 Pa. 9. In determining who shall have custody of a child we are guided by the rule that unless compelling reasons appear to the contrary, a child of tender years should be committed to the care and custody of the mother. *Com. ex rel. Buckner v. Barr*, supra; *Com. ex rel. Haller v. Hanna*, 168 Pa. Superior Ct. 217, 77 A. 2d 750.

The contention of the appellant that relatrix had abandoned her child is without merit. The evidence clearly reveals that the child was placed in the custody of her grandparents and remained with them for six years as a result of conditions over which relatrix had no control, brought about by the shiftlessness and irresponsibility of appellant who, during their marriage, was frequently unemployed and unable or unwilling to establish a home and support his family. While Marsha was with her grandparents relatrix was employed almost continuously and the testimony discloses that she visited her child, purchased clothing and other necessaries from time to time and remembered her with gifts on holidays, birthdays and at Christmas. Unlike

respondent, who evidenced no real interest in Marsha, as shown by the evidence, relatrix asserted her right to her child as soon as she was settled in a home of her own and was able to support her. As stated by Judge (now President Judge) RHODES, in *Com. ex rel. Lamberson v. Batyko et al.*, 157 Pa. Superior Ct. 389, 392, 43 A. 2d 364, 365: "The fact that the relatrix permitted the child to remain with the grandmother or respondents for a time did not constitute abandonment. It is not uncommon or unusual for a mother to have her child remain with the grandparents or other relatives while she is employed or establishing a home elsewhere."

Appellant contends the child's interests would be best served by permitting her to remain in Harrisburg among familiar surroundings with her father and grandparents. However, there is no evidence that the father lived with his parents other than for two eight-month periods during the six years Marsha was with them. Furthermore, respondent did not contribute to her support. Moreover, the fact that the child was happy with her father and his present wife in their home in Harrisburg for a period of two months prior to the hearing is no basis for awarding her custody to the father, especially where he evinced no real interest in the child's welfare or sought to obtain her custody until she was in the care and custody of relatrix in Cleveland, Ohio.

We concur in the finding of the court below that relatrix is a fit and proper person to have the custody of her daughter, Marsha, and that the best interest and permanent welfare of the child will be served by awarding such custody to her mother. Under the circumstances, the fact the child will be removed to a home outside the jurisdiction of the court is not controlling. *Com. ex rel. Buckner v. Barr*, supra.

Order affirmed.