**In re Habeas Corpus of Patricia Jean McMENAMIN.**

No. 36319.

Supreme Court of Oklahoma.

Nov. 9, 1954.

Rehearing Denied Dec. 7, 1954.

Cargill & Cargill, Oklahoma City, for plaintiff in error.

Gomer Smith & Associates, by Homer A. Smith, Gomer Smith, Jr., Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This is an appeal by James Patrick Mc-Menamin, divorced former husband of Norma Jean McMenamin, from a judgment of the District Court of Oklahoma County denying his petition for a writ of habeas corpus to obtain "custody", during the month of August, 1953, of said parties' 5½-year-old daughter, Patricia Jean.

The parties' divorce action was filed by McMenamin, as plaintiff, in the Court of Common Pleas of Philadelphia County, Pennsylvania, and he, then a Navy Lieutenant, had possession of the child. Approximately two months later, while said divorce action was still pending, Mrs. McMenamin sought custody of Patricia Jean by filing her petition for a writ of habeas corpus in the Domestic Relations Division of the Philadelphia Municipal Court, which Court appears to have had exclusive jurisdiction of such matters in that area. After trial on said petition, it was dismissed, custody was awarded to Mr. McMenamin, and Mrs. McMenamin appealed to the Superior Court of Pennsylvania, which had appellate jurisdiction of such matters in said State.

During the pendency of that appeal, or on June 2, 1952, the divorce tribunal, or Philadelphia Common Pleas Court, entered its final decree divorcing the parties. Thereafter, on July 17, 1952, the Superior Court, Com. ex rel. McMenamin v. McMenamin, 171 Pa.Super. 524, 90 A.2d 398, 399, promulgated its opinion reversing the judgment of the Philadelphia Municipal Court in the child custody proceedings, and awarded Patricia Jean's exclusive custody to her mother; but, as to the matter of Mr. McMenamin's visitation rights, the opinion said only: " * * * the question of visitation rights need not be difficult to arrange for the reason that both parents are living in the same town."

Thereafter, Mrs. McMenamin tried for approximately a month to obtain possession of the child from her former husband in accord with the above Appellate Court's decision, before she was successful in doing so, without further court action. Upon finally obtaining such possession, she then brought Patricia Jean to Oklahoma City, where both mother and child have resided in the home of Mrs. McMenamin's parents since about August 20, 1952.

Thereafter, in October of the same year, Mr. McMenamin, as petitioner, filed in the original child custody proceedings in the Philadelphia Municipal Court an instrument entitled "Petition For Rule To Show Cause Why The Defendant Shall Not Be Granted The Right Of Visitation." On the same day of said filing, said Court issued its order that a "Rule be issued upon" Mrs. McMenamin "to show cause why the court should not set reasonable times" for the father to visit the child; and it was further ordered therein that a copy of said order, with an attached copy of the petition, be served upon Mrs. McMenamin's counsel, and such copies be sent to said respondent herself by registered mail. The record before us is silent as to whether or not notice of said proceedings (in accord with said order) was ever served upon respondent. The record does show, however, that on May 7, 1953, the Philadelphia Municipal Court rendered its decision in the matter and decreed as follows:

" * * * that the child, Patricia Jean McMenamin, is awarded to the custody of the petitioners

"(1) for a period of two weeks preceding the Wednesday following Easter Monday;

"(2) for a period of two weeks beginning on December 27th of each year;

"(3) for the summer period, for the month of August of each year.

"In view of the fact, as a result of the circumstances related herein, the child in question is at a considerable distance from Philadelphia, it is therefore directed that the expense of the trip from Oklahoma to Philadelphia and the return is to be divided between the petitioner and the respondent."

It was on, or just before, the 1st of August, 1953, that Mr. McMenamin made a trip to Oklahoma City and sought the aid of the District Court in enforcing the above-quoted Philadelphia Municipal Court decree concerning his visitation rights, by instituting the present proceedings.

After a trial on his petition for the writ, at which evidence for both said petitioner and Mrs. McMenamin as respondent, was heard, the trial court entered judgment denying the writ, but granting petitioner "the right of reasonable visitation of the child", specifying, however, that the child should be visited in the Oklahoma City home and forbidding petitioner to take her out of the State, unless authorized by some future order of said Court. In its judgment, said Court found that there had been "a substantial change of condition", and that denial of the writ was for the best interest of the child.

After the overruling of his motion for a new trial, petitioner perfected the present appeal. Our reference to the parties as "petitioner" and "respondent" will be continued.

As ground for reversal, petitioner urges that the Philadelphia Municipal Court's decree of May 7, 1953, is res judicata as to his visitation rights, and under the "full Faith and Credit" provision

of the United States Constitution, Art. IV, Sec. 1, should have been enforced by the Trial Court, in the absence of a showing of change of condition, upon which latter question, he asserts that said court's finding is clearly against the weight of the evidence. Respondent, in her argument, seeks to demonstrate not only that the trial court's finding of change in conditions affecting the welfare of the child is sufficiently sustained by the evidence, but she also asserts, without contradiction, that the last cited Philadelphia decree was void as having been entered in an ex parte proceeding of which she had no notice; and it was therefore not entitled to "full Faith and Credit" by, and was not binding upon, the trial court. As hereinbefore noted, the record does not reflect whether or not petitioner ever had any notice of the hereinbefore described petition for, and order that, "a rule" be issued for her to show cause, filed in the Philadelphia Court. But aside from whether such was necessary and whether the court had continuing jurisdiction of visitation rights after promulgation of the appellate decision of the Pennsylvania Superior Court on the matter of custody, it does not appear that under the latter decision there was any requirement that respondent keep the child in the same town or city, or even in the same state, in which she resided at the time said decision was promulgated, notwithstanding said latter court's contemplation that no difficulty would be encountered in arranging visitation rights "for the reason that both parents are living in the same town." And, though petitioner makes it, he fails to furnish any legal justification for the charge that respondent's taking the child out of Philadelphia and removal with her to Oklahoma was in any way unlawful, or in disregard or violation of the appellate and final decree granting her exclusive custody of Patricia Jean. We must therefore conclude, under such facts as are shown by the record, that this removal to Oklahoma was lawful. With the child lawfully domiciled in this latter state at the time of the trial, there was no obstacle to the trial court's rendition of a valid judgment in

accord with the best interests and welfare of the child. Ex parte Miller, 201 Okl. 499, 207 P.2d 290; Chapman v. Walker, 144 Okl. 83, 289 P. 740; Heide v. Kiskaddon, 79 Okl. 6, 190 P. 859. We have thoroughly examined the evidence and are unable to say that the judgment in question is clearly against the weight of the evidence as to that paramount consideration. Therefore, in accord with the cited authorities and many others, said judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, ARNOLD, O'NEAL and WILLIAMS, JJ., concur.