Commonwealth ex rel. Hough, Appellant, *v.* Hough.

Argued March 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Paul Weinblatt*, for appellant.

*Herbert L. Maris*, for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is a habeas corpus proceeding instituted by the mother, relatrix, to obtain custody from the father, respondent, of the three children of the parties. The Municipal Court of Philadelphia, after hearing on February 10, 1954, awarded custody of the children temporarily to the father subject to the right of the mother to have the children from 10:00 a.m. to 8:00 p.m. on Saturdays. The court stated: "This is a temporary order for about six months, to see how things work out." After a subsequent hearing on October 20, 1954, the court below ordered that the care and custody of the children and the visitation rights of the mother shall remain as fixed by the earlier order. The mother now appeals from that order.

The parties were married on July 1, 1948 in Darmstadt, Germany. About ten days later they came to

the United States and moved into the home of respondent's parents at 1629 Dounton Street, Philadelphia. The parties resided with respondent's parents for approximately two years when they moved into their own home at 1646 Dounton Street, across the street from respondent's parents, where they resided until they separated in September, 1953. Three children were born of the marriage, Jack, born August 31, 1948, Shirley Ann, born October 10, 1950, and Mary Lorraine, born December 8, 1951.

In September, 1953, a few days after Labor Day, relatrix left her home taking the three children with her. She testified that she left with the children because of two beatings given her by her husband who had accused her of running around with another man named Jack Cligg. Relatrix admitted she had been introduced to Cligg and had gone out with him a few times prior to leaving her husband. When she left her husband, relatrix went with the children to the apartment of a friend, Mrs. Joyce Deussing, and she testified she was taken there by Jack Cligg, who helped her with the children and her baggage. Within two or three days the children were taken back to the respondent by Cligg. Immediately after the separation the respondent, with the children, resumed residence at the home of his parents and they have resided there since that time. Relatrix resided with Mrs. Joyce Deussing in her apartment at M and Bristol Streets in Philadelphia from the time of the separation until January, 1954 when she moved to her own apartment at 400 Vernon Road, Philadelphia, Pa. However, on December 12, 1953, at approximately four o'clock in the morning, the respondent, accompanied by police, a private detective and a photographer, entered the apartment of Jack Cligg at 8046 Walker Street in Philadelphia and found the relatrix asleep in bed with

Cligg. Both relatrix and Cligg were arrested. Relatrix was charged with adultery and subsequently pleaded guilty. Divorce proceedings instituted by the respondent on the ground of adultery are now pending.

As we stated in *Com. ex rel. Finney v. Murphy,* 175 Pa. Superior Ct. 364, 367, 104 A. 2d 348: "The burden is upon appellant to establish that the order of the court below is, under the evidence, erroneous or based on a mistake of law. Com. ex rel. Heller v. Yellin, 174 Pa. Superior Ct. 292, 101 A. 2d 452; Com. ex rel. Shaak v. Shaak, 171 Pa. Superior Ct. 122, 90 A. 2d 270." Based on our independent review of all the evidence in the instant case we find no error and the order of the court below will be affirmed.

In all cases involving the custody of children the governing criterion and the paramount consideration is the welfare and best interest of the children involved: *Com. ex rel. Haller v. Hanna,* 168 Pa. Superior Ct. 217, 77 A. 2d 750; *Com. ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437; *Com. ex rel. Donie v. Ferree,* 175 Pa. Superior Ct. 586, 106 A. 2d 681.[1] In determining who shall have custody we are guided by the rule that unless compelling reasons appear to the contrary, a child of tender years should be committed to the care and custody of the mother. *Com. ex rel. Gates v. Gates,* 161 Pa. Superior Ct. 423, 55 A. 2d 562; *Com. ex rel. Buckner v. Barr,* 173 Pa. Superior Ct. 124, 95 A. 2d 355, aff. 376 Pa. 9. However, a mother's right to care and custody is not absolute; it must yield to the best interest and welfare of the child. *Latney's Appeal,* 146 Pa. Superior Ct. 20, 21 A. 2d 521; *Com. ex rel. Swartzwelder v. Swartzwelder,* 162 Pa. Superior Ct. 366, 57 A. 2d 610; see

---

[1] See the excellent article—Habeas Corpus—Custody of Children, by Hon. HENRY G. SWENEY in 22 Temp. L.Q. 289.

*Com. ex rel. Hubbell v. Hubbell,* 176 Pa. Superior Ct. 186, 107 A. 2d 388.

We agree with the conclusion of the court below 'that "it appears from the evidence that the best interests and welfare of the children are presently best served through custody with the father under existing circumstances of care and help from the maternal [paternal] grandmother."

The grandmother is fifty-seven years of age and physically capable of caring for the three children who are at present 7, 4 1/2 and 3 1/2 years of age. She testified she was willing to care for the children as long as she lived. The testimony reveals that the grandmother has had the care and responsibility of the children to a great extent even prior to the separation of the parties. When the parties moved into their own home across the street from respondent's parents the children were regularly fed and cared for by the grandmother in her own home. When the appellant went to work for a period of three months the grandmother had the sole responsibility for the children. She has assisted the father in caring for them since the separation of the parties in September, 1953 and has initiated their religious training and church attendance. The results of her care are well summarized in the observation of the hearing judge: "The children appear to be healthy, well kept and contented in their present surroundings."

The appellant is presently residing in an apartment where she has two fully furnished bedrooms, a living room, kitchen and bath for which she pays $75.00 a month rent. She is employed in Hatboro, Pennsylvania, some distance away from her apartment, and her take home pay is $46.00 per week. She testified that she had savings amounting to $600.00, that her father has been helping her out with money and clothes

for the children, and that she is a beneficiary of trust funds established by her deceased mother and grandmother. She is not receiving any support from her husband. In order to get to her job on time appellant must leave her home about 7:15 a.m. and she does not get home until about 5:10 p.m. In the event she should be awarded custody of the children she has arranged for a woman named Anna Clift to come to the apartment and care for the children while she was away at work. Anna Clift testified that she was 43 years of age, married, and had two adult children. She has also had experience in caring for other children and stated that she had known appellant for three years and would like to help her out. Her salary would be $15.00 per week.

It thus clearly appears that if the mother should be given custody of her children their care under the arrangements presently contemplated by the mother will be entrusted to one a stranger to them. Appellant is required to be away from home and at her employment from 7:15 a.m. until 5:10 p.m. and is thus unable to give to the children the care and attention which their tender age requires. Under these circumstances the order of the court below is clearly proper in granting custody of the children to the father who is assisted in their care by their grandmother, the person who has had most of the responsibility of their upbringing since birth and who has so ably demonstrated her real love and affection for the children.

Appellant contends in effect that the decision awarding custody of the children to the father is in error in view of the refusal of the court below to find that the mother was unfit. In support of this contention appellant argues that since the decision is based largely on the admitted adultery of the mother, which would not in itself render the mother unfit, the court

below has misconceived the significance of adultery in a custody case.

We are well aware that in this type of case where the dispute is between the father and mother in determining which of them shall have custody, regard must be had "to the fitness of such parent as well as the best interest of the child." *Com. ex rel. Martocello v. Martocello,* 148 Pa. Superior Ct. 562, 25 A. 2d 855. It has also been held that lapse from moral standards is not controlling in determining the custody of a child of tender years where the parent is not otherwise at fault. *Com. ex rel. Bock v. Bock,* 159 Pa. Superior Ct. 159, 48 A. 2d 133. However, the refusal of the court below after the first hearing to make a specific finding that the mother was unfit because of her admitted adultery was, in the words of Judge SPAULDING, "out of sympathy for the mother petitioner as well as the children and in the hope also of ultimate reconciliation of the parties. . ." Moreover, after the second hearing the court below stated: "The Court is not convinced by any evidence from petitioner of any 'prolonged and seemingly permanent reform.'" Furthermore, as was stated in *Com. ex rel. Martocello v. Martocello,* supra, at p. 563: "In cases of this kind, what is in the best interest of the child and his permanent welfare is to be decided, not in relation to a fixed standard, but by determining what is best for the child *under all of the circumstances.*" (Emphasis added)

In refusing custody to the mother it was not necessary for the court below to make a specific finding that the mother was unfit to have custody of her children. In this, as in all such cases, the determining factor is the permanent welfare of the child and its best interests, and, under the circumstances here, the

care and custody of the three minor children of the parties was properly awarded to the father.

Order affirmed.