Commonwealth ex rel. Mann *v.* Mann, Appellant.

Argued April 10, 1956.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Paul R. Butler*, for appellant.

*George M. Weis*, with him *Weis & Weis*, for appellee.

Opinion by Wright, J., July 17, 1956:

This proceeding involves a controversy between divorced parents concerning the custody of their nine year old son. The County Court of Allegheny County acquired jurisdiction because of a prior order for the child's maintenance. Act of March 19, 1915, P. L. 5, 17 PS 653. And see *Commonwealth ex rel. Moss v. Moss*, 159 Pa. Superior Ct. 133, 47 A. 2d 534. After hearing on August 26, 1955, and rehearing on September 6, 1955, an order was entered awarding "full" custody of the child to the mother. The father has appealed.

Robert L. Mann, appellant, married Ruth Dennison in February 1946, when both were seventeen years of age. George Daniel Mann, the subject of this proceeding was born on September 5, 1946. The parties separated in November 1947, the mother retaining custody of the child. An order of $30.00 per month for the child's support was entered on December 4, 1947. The marriage was dissolved by divorce in January 1948. On June 20, 1950, the support order was reduced to $5.00 per week and all arrearages were cancelled. For several years after the separation the mother lived with an aunt and uncle, Mr. and Mrs. E. G. Ballard, who had reared her since infancy. On May 7, 1951, the mother married John S. Baird, and the child remained with the Ballards under the mother's control. To her union with Baird, the mother has three children. At least following his discharge from the service in 1952, the father was permitted to take the child every other Sunday, and for additional periods during the summer. On July 31, 1953, the father remarried, and there is one child to his second union. On Sunday, August 7, 1955, while the child was visiting its mother, the father took the child and refused to bring him back.

However, as a result of the custody proceeding, the child was returned and has since remained with the mother.

The controlling legal principles are well settled, the governing criterion being the welfare and interest of the child involved: *Commonwealth ex rel. Donie v. Ferree*, 175 Pa. Superior Ct. 586, 106 A. 2d 681; *Nauman Adoption Case*, 177 Pa. Superior Ct. 317, 110 A. 2d 925. Unless compelling reasons appear to the contrary, a child of tender years should be committed to the care and custody of its mother by whom the needs of the child are ordinarily best served: *Commonwealth ex rel. Schofield v. Schofield*, 173 Pa. Superior Ct. 631, 98 A. 2d 437; *Commonwealth ex rel. Lamberson v. Batyko*, 157 Pa. Superior Ct. 389, 43 A. 2d 364. Appellant does not assert that the mother has not established a proper home for the child. Essentially, he raises three other questions which we will briefly discuss.

Appellant's first contention is that the mother is morally unfit because of improper relations with her second husband prior to their marriage. The record discloses that, while the mother was keeping company with Baird, she had a miscarriage, and that she was pregnant at the time of her marriage to Baird. However, there is no evidence of any improper behavior since, and no other attack upon the mother's present qualifications as a parent. In *Commonwealth ex rel. Swartzwelder v. Swartzwelder*, 162 Pa. Superior Ct. 366, 57 A. 2d 610, cited by appellant, the child had lived with the father since birth, and the mother appeared "to be motivated more by a hostile feeling toward respondent than by a deep-seated concern for the child's present and future welfare". *Commonwealth ex rel. Burke v. Birch*, 169 Pa. Superior Ct. 537, 83 A.

2d 426, upon which appellant relies, can also be readily distinguished. A lapse from moral standards is not controlling where the parent is not otherwise at fault: *Commonwealth ex rel. Bock v. Bock,* 159 Pa. Superior Ct. 159, 48 A. 2d 133. And see *Commonwealth ex rel. Martocello v. Martocello,* 148 Pa. Superior Ct. 562, 25 A. 2d 855. In our view, the evidence supports the finding of the hearing judge that the mother is presently a fit parent, and that the child's welfare will be best served by awarding custody to her.

Appellant further contends that the mother abandoned the child, stressing the fact that the Ballards removed to the Ligonier area while Mrs. Mann remained in Pittsburgh and took up residence with Baird. The mother's position in this regard was that, during the period in question, her financial status was insecure,[1] and that the child "had more advantages" with the Ballards. She visited the boy as often as she could. Appellant made no complaint about the situation, and did not attempt to provide any other solution. It is clear that the mother did not have "a settled purpose to forego all parental duties and relinquish all parental claims": *Hazuka's Case,* 345 Pa. 432, 29 A. 2d 88. On

---

[1] In his opinion the hearing judge makes the following statement: "His mother's financial status has markedly improved. She has a large six and one-half room apartment with ample room for the child. There are three other children in the household with whom the boy seems to have made friends, so that the mother spends her entire time attending to the household and children. The child also seems to have made friends with the children living in the neighborhood of his mother's home. There are no relatives living in the household to disturb tranquility. In view of the obvious benefit of motherly care to the child's well being, and in view of the other factors set out just above, it was felt that the best interest of the child would be served by awarding custody to its mother".

the contrary, her conduct was wholly inconsistent with the theory of abandonment. See *Commonwealth ex rel. McMenamin v. McMenamin*, 171 Pa. Superior Ct. 524, 90 A. 2d 398; *Commonwealth ex rel. Finney v. Murphy*, 175 Pa. Superior Ct. 364, 104 A. 2d 348.

Appellant finally contends that consideration was not given to the child's expressed preference to live with his father, and that the child's testimony was improperly deleted from the record. It appears that the hearing judge had originally talked with the child in chambers. See *Commonwealth ex rel. Shroad v. Smith*, 180 Pa. Superior Ct. 445, 119 A. 2d 620. At the rehearing the child was questioned at side bar in the presence of counsel, and it was this colloquy which the court reporter was instructed to delete. Appellant then secured an order from the President Judge of the County Court that the record be corrected so as to include the child's testimony. However, this order was subsequently vacated. In his opinion the hearing judge states that he felt the boy was incompetent to testify because he was wavering in his opinion, easily swayed, and had no fixed preference. Assuming that the testimony of the child did disclose a preference for the father, and without passing upon the matter of its deletion from the record, we do not consider this circumstance of controlling importance in the present case, *Commonwealth ex rel. Maines v. McCandless*, 175 Pa. Superior Ct. 157, 103 A. 2d 480, especially since we have not been convinced that we should disturb the ultimate conclusion of the hearing judge. See *Commonwealth ex rel. Sablosky v. Sablosky*, 178 Pa. Superior Ct. 428, 115 A. 2d 753.

One incidental matter should be mentioned. We cannot believe that, in awarding "full" custody to the mother, the hearing judge intended to deprive the fa-

ther of visitation rights. Children should not be estranged from either parent, and normally both parents should see their children: *Leonard v. Leonard,* 173 Pa. Superior Ct. 424, 98 A. 2d 638. Rather than remand the record, we will simply state that the father's visitation rights are to be preserved. Preferably the parties should enter into a stipulation to be approved by the hearing judge. If an agreement cannot be reached, the father may apply for an appropriate modification of the order.

Subject to the foregoing condition, the order of the lower court is affirmed.