In re Habeas Corpus of Patricia Jean McMENAMIN.

James Patrick McMENAMIN, Plaintiff in Error,

v.

Norma Jean TAGGART, Defendant in Error.

No. 37211.

Supreme Court of Oklahoma.

March 19, 1957.

Rehearing Denied April 16, 1957.

Application for Leave to File Second Petition for Rehearing Denied May 7, 1957.

Francis Marshall, Philadelphia, Embry, Crowe, Tolbert, Boxley & Johnson, by V. P. Crowe, Oklahoma City, for plaintiff in error.

Smith, Johns, Smith & Neuffer, by Homer A. Smith, Oklahoma City, for defendant in error.

JOHNSON, Justice.

This is the third time that the question of the care and custody of Patricia Jean McMenamin has been before an appellate court, to-wit: Commonwealth ex rel. McMenamin v. McMenamin, 171 Pa.Super. 524, 90 A.2d 398; In re McMenamin, Okl., 277 P.2d 120, and the present case.

This appeal is from an order and judgment of the District Court of Oklahoma County in habeas corpus proceedings sustaining the mother's application for the revocation of the father's right to visit his seven-year old daughter, Patricia Jean, whose custody by a previous order had been awarded to her mother, Norma Jean McMenamin, now Taggart, with father's right of reasonable visitation of the child in the Oklahoma City home, and forbidding petitioner to take the child out of the state, unless authorized by some future order of the court to that effect, which right of visitation the mother contended, and the trial court found, had been forfeited by appellant's conduct.

Parties concede that the father had the right to visit his child whose custody had been awarded to its mother, both as a natural right and under the order of the court; and that the privilege should not be withheld unless the father has forfeited the privilege by his conduct or the exercise of it would be detrimental to the child's welfare.

The single issue is whether or not the appellant has, by his conduct, forfeited his right to visit his child, or that the exercise of such right would be detrimental to the child's welfare.

Neither the father nor mother testified in this case. Only the evidence of two bystanders is adduced, and that was only to the actuality and manner of the taking of the child, which had allegedly been done in a cruel and unusual manner. But the evidence failed to disclose such cruelty. However, it was stipulated and agreed that the father did take the child back to Pennsylvania by plane; that the mother had child stealing charges filed against the father and his sister who admittedly helped him get his child, as outlined by the testimony of the bystanders. Also, an application for citation of contempt of court was filed by the mother in the habeas corpus proceedings for the father's violation of the order awarding custody of the child to the mother. Both the child stealing cases and contempt proceedings were dismissed at the mother's request in accord with a previous agreement, and because she did not want her child's father to be a felon. The mother alleged that the father did not love the child, never wanted it and had not contributed to its support, but no evidence was adduced to that effect. Other than the removal of the child from Oklahoma and the

father's admitted failure to contribute to its support, the father's reputation is not attacked.

It appears from the record that the father was a young law student. He had continued to live in Pennsylvania after the divorce from his wife. His wife and child came to Oklahoma to live and have continued to live here. She remarried and is now Mrs. Taggart. From the father's actions the conclusion must be drawn that he had affection for his child, else he would not have been interested in seeing her under the prevailing circumstances.

The record shows that within 36 hours after removing the child, the father agreed to and did return her to her mother in Oklahoma, where she now is. The evidence discloses that the father was repentant.

■ The record does not demonstrate that it would be detrimental to the welfare of the child for its father to visit it.

■ A parent possesses certain natural rights with respect to his child whose custody is given to the other parent. The right to visit the child is one. This natural right should not be denied him unless the evidence conclusively shows that his conduct is of such nature that he has forfeited the right of access to the child. Clark v. Clark, 177 Okl. 542, 61 P.2d 28; Bussey v. Bussey, 148 Okl. 10, 296 P. 401; Roshto v. Roshto, 214 La. 922, 39 So. 344; McGetrick v. McGetrick, 1955, 204 Or. 645, 284 P.2d 352; Zechman v. Zechman, 391 Ill. 510, 63 N.E.2d 499; Commonwealth ex rel. Turner v. Strange, 179 Pa.Super. 83, 115 A.2d 885.

■ Though the father was grievously in error in taking his daughter in the manner he did, yet the evidence does not warrant the conclusion that he has forfeited the right to visit his child under reasonable circumstances.

■ However, there was no evidence introduced with reference to a reasonable time and a proper place for the father to visit his child. The convenience of the parties should be considered in fixing the time and place.

For the reasons given herein, the judgment is reversed and set aside; the case is remanded to the lower court to be proceeded with in accordance with the views herein expressed.

WELCH, C. J., and HALLEY, WILLIAMS and BLACKBIRD, JJ., concur.

DAVISON, JACKSON and CARLILE, JJ., dissent.