## Commonwealth ex rel. Urbani *v.* Bates, Appellant.

78

Argued March 10, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Henry B. Waltz,* with him *James L. McWherter,* for appellant.

*Paul K. McCormick,* for appellee.

OPINION BY WRIGHT, J., April 16, 1958:

We are here concerned with a controversy between divorced parents involving the custody of their two minor children. The court below awarded custody to the father and the mother has appealed.

Mary Lou and Arthur J. Urbani were married on August 22, 1950. Arthur is a druggist and operates a pharmacy in the City of Jeannette, where the parties resided in a home owned by Arthur. Sharen Ann Urbani was born on January 20, 1953. Michael James Urbani was born on January 24, 1954. On August 11, 1955, while Arthur was at work, Mary Lou left the home, taking with her the two children and most of the furniture, and moved to an apartment in Latrobe. On November 20, 1955, Mary Lou obtained an uncontested divorce. On April 9, 1956, Mary Lou married Charles J. Bates. Thereafter she lived with her second husband and the two children in Greensburg. This habeas corpus proceeding was instituted by Arthur on

July 27, 1956, and the hearing took place on August 3, 1956. On September 28, 1956, an order was entered awarding custody of the two children to Arthur subject to the right of Mary Lou to visitation. The appeal was filed on October 10, 1956. No supersedeas was requested, and the children have been in the father's custody since the date of the order.

The relevant legal principles are well settled, and need not be here restated in any detail. Suffice it to say that the paramount consideration is the welfare of the children, and all other considerations are subordinate. See *Commonwealth ex rel. Kraus v. Kraus,* 185 Pa. Superior Ct. 167, 138 A. 2d 225. Our review of the record in the case at bar indicates that this controlling precept was properly recognized and applied. We are not empowered to nullify the fact-finding function of the hearing judge, particularly where the credibility of witnesses is involved: *Commonwealth ex rel. Harry v. Eastridge,* 374 Pa. 172, 97 A. 2d 350. The hearing judge made, inter alia, the following pertinent findings of fact:

"12. Arthur J. Urbani, the plaintiff, is financially able and morally suitable to have the custody of his children. He has established and conducts a successful pharmacy in Jeannette, and has indicated a marked interest in his business and in his children. The defendant's only complaint against him was that he devoted too much of his time to his business and in so doing absented himself from their home in the evenings. This, apparently, was unavoidable.

"13. The defendant's present husband, Charles J. Bates, did not testify, and thus has not indicated a willingness to assume any financial or parental responsibility so far as the Urbani children are concerned.

"14. From the evidence produced by the plaintiff and from the admissions of the defendant, it is ap-

parent that there was some association between the defendant and Charles J. Bates, during the time she and the plaintiff were married and living together. When she left the plaintiff, she moved to Latrobe, where Charles J. Bates lived. She has not denied that while she was still married to the plaintiff, Bates visited her frequently at her apartment in Latrobe, and she admitted specific nocturnal visits of Bates to her apartment. She stated that her life with the plaintiff was unhappy, but that when she found Bates she found happiness.

"15. The testimony of the defendant, her demeanor on the witness stand, her evasiveness and lack of candor and her entire neglect and failure to offer any explanation of situations which have the appearance of having been clandestine and compromising, if not immoral, caused this Court to have grave doubts that she possesses sufficient moral fibre and integrity properly to care for and rear her children.

"16. The children, who are the object of this inquiry, have been well and properly cared for physically and morally by the plaintiff.

"17. Living with the plaintiff are his sister, Mrs. Emma Cronin, and her husband, Thomas Cronin. Mrs. Cronin testified that during the children's visits to their father she had been assisting in their care and indicated her willingness to supervise their care and training. In addition, the plaintiff stated his willingness to employ a housekeeper to assist in the children's care.

"18. After observing and hearing the parties, it is apparent that the children's mother has little regard for honesty, integrity and morality, which are essential in the proper rearing of children. The moral, physical and spiritual development and training of these children will be better entrusted to their father."

Appellant's contention is that a mother is better fitted to have custody of children of tender years, and that the record discloses no compelling reason why the children should not have been awarded to her. It is readily apparent, however, that the findings of fact set forth above fully support the conclusion of the hearing judge that the welfare of the children would best be served by awarding custody to the father, and granting reasonable visitation rights to the mother. Appellant has entirely failed to convince us that this conclusion should be disturbed.

The order of the court below is affirmed.