## Commonwealth ex rel. Mitchell, Appellant, *v.* Mitchell.

348

Argued March 20, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

*Sara Duffy,* with her *Leon Sobel,* for appellant.

*John W. Dawson, Jr.,* for appellee.

OPINION BY WRIGHT, J., June 11, 1958:

We are here concerned with a controversy between parents, who have separated, involving the custody of their two minor children. There were six hearings in the case, and the original record contains almost 800 pages. Judge GILBERT'S thoroughly considered and exhaustive opinion covers 40 printed pages. At the conclusion of the last hearing, March 22, 1957, custody of both children was awarded to the father and they

have been in his custody ever since. A final order[1] was entered on April 29, 1957, from which the mother has appealed.

Barbara Jeanne Uber and Preston Albert Mitchell were married on October 25, 1946. They were then aged, respectively, 20 and 27 years. Barbara Christine Mitchell was born November 7, 1946, and Dannell Allen Mitchell was born December 28, 1948. The father has been a member of the United States Navy since 1939, and is presently assigned to permanent shore duty in Philadelphia. He will be eligible for retirement in August 1958, and plans to retire from the Navy at that time. The mother was employed as a payroll clerk for the Crown Laundry in Philadelphia. From the time of their marriage until their separation on June 1, 1956, the only permanent matrimonial abode of the parties was at the home of appellant's parents at 436 South 44th Street, Philadelphia. The hearing judge found that appellant was under the domination of her mother who admittedly detested her son-in-law;[2] that the Uber home "has been one of discord and dissension between the petitioner and her mother, and between the maternal grandparents themselves"; that appellant nevertheless preferred to stay there rather than reside in a separate home with her husband and children; and that appellant's attitude was "the controlling cause for the failure of this marriage". Dannell was satisfied to live with either parent. Barbara was defi-

---

[1] This order does not contain any provision for visitation by the mother. See *Commonwealth ex rel. Mann v. Mann*, 181 Pa. Superior Ct. 438, 124 A. 2d 432. It has been ascertained, however, that the mother was subsequently, November 20, 1957, granted visitation rights.

[2] "Q. Now, you don't have much love for your son-in-law, do you? A. Hardly. Q. As a matter of fact, you detest him? A. I do, indeed. Q. You hate him? A. From the bottom of my heart."

nite in her preference to be with her father. The children are now living with their paternal grandparents on a farm in a district known as Greenwood, near Farmington, Delaware. Discussing this phase of the case, the hearing judge said:

"Both their home and the home of petitioner's mother in Philadelphia have been checked by representatives of this Court, as well as by the Juvenile Court of Kent and Sussex Counties, Dover, Delaware, and both have been found satisfactory as to their physical appointments. The chief physical advantage of the Greenwood home, as far as the children are concerned, is the surrounding environment which consists of open country, with plenty of sunshine and fresh air in which children can play and thrive, situated away from heavily traveled roads.

"The neighborhood surrounding 436 South 44th Street is in a thickly built-up residential section of West Philadelphia, consisting of houses about fifty years old, and lacking in play space for children away from streets and sidewalks, exposing them to the hazards of traffic, to the noise of the city, and the pollution of air caused at times by nearby industries, including oil refineries . . .

"Now that the children have been taken to the home of the father's parents in Greenwood, Delaware, where they will have a peaceful and more wholesome environment, together with an abundance of fresh, country air to breathe and an expanse of green turf in which to play and grow, together with the fortunate circumstance that the father now has permanent shore duty in Philadelphia within commuting distance of their new home, we do not feel that this new chance the children have for a more suitable upbringing should be disturbed".

We deem it appropriate to here repeat what we have just said in *Commonwealth ex rel. Urbani v. Bates,* 186 Pa. Superior Ct. 77, 140 A. 2d 638: "The relevant legal principles are well settled, and need not be here restated in any detail. Suffice it to say that the paramount consideration is the welfare of the children, and all other considerations are subordinate. See Commonwealth ex rel. Kraus v. Kraus, 185 Pa. Superior Ct. 167, 138 A. 2d 225. Our review of the record in the case at bar indicates that this controlling precept was properly recognized and applied. We are not empowered to nullify the fact-finding function of the hearing judge, particularly where the credibility of witnesses is involved: Commonwealth ex rel. Harry v. Eastridge, 374 Pa. 172, 97 A. 2d 350".

In connection with the question of credibility, the hearing judge made the following significant observation: "The writer has no hesitancy in stating that he was more impressed with the testimony of respondent than of petitioner. He believes that respondent's testimony reflects the true facts in the case to a far greater degree than does the testimony given by petitioner". The appellant's evidence consisted of the testimony of herself and her mother. Though frequent reference was made to her father, he did not testify. On the other hand, in addition to his own testimony and that of his parents, brother, and sister, appellee produced corroborating testimony by disinterested witnesses and documentary evidence, and also evidence of his character and reputation and a record of perfect conduct during his naval service. The hearing judge concluded that the father evidenced more interest than the mother in the children's welfare, and that the rearing of the children would be better entrusted to the father.

The principal contention of appellant's present counsel is that the mother should have the children be-

cause they are of tender years, and she was not proved to be unfit. On the other hand, counsel for appellee contends that the mother does not possess "the character, qualification, disposition or ability" to guide the future destinies of the children, and that the environment and atmosphere of the Uber home in which appellant insists the children be raised is not conducive to their best interests. Our careful review of the voluminous record indicates that the findings of the hearing judge are supported by the evidence, and that they fully warrant his conclusion that the welfare of the children would best be served by awarding custody to the father. Appellant has entirely failed to demonstrate that this conclusion should be disturbed.

Order affirmed.