Commonwealth ex rel. Horton, Appellant, *v.* Burke.

Argued June 10, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*William G. Schrier,* with him *M. L. Epstein,* for appellant.

*Michael J. DeSisti,* for appellee.

OPINION BY ERVIN, J., September 16, 1959:

This is a habeas corpus proceeding in which the father seeks the custody of his 11-year old daughter, Karen Marie Horton, from her mother, Hattie Marie Horton Burke, now married to William Burke. The court below awarded custody to the mother and her present husband but further ordered that Karen be returned to her father "during the summer months between the school terms, and that the father, Sterling B. Horton, be allowed to see Karen at the Burke home at other reasonable times and reasonable hours."

The father and the mother were married on September 2, 1933. They lived together as husband and wife on a farm in Bradford County. One child, Karen Horton, the subject of this litigation, was born on December 22, 1947. The Hortons apparently got along well until she became acquainted with one William Burke four or five years before she and the relator were divorced. Sometime after respondent became acquainted

with Mr. Burke, he came to live at the Horton home as a boarder. As time went on she and Mr. Burke became more interested in each other. They took rides together and on one occasion at least they went to a meeting of respondent's lodge at Elk Lake. On this occasion they took Karen with them. On several occasions they were seen kissing and embracing each other but there is nothing in the record to indicate that their relations were adulterous. As time went on, the respondent told Mr. Horton that she loved Mr. Burke and that she hated him. Relator brought an action in divorce which was granted on October 29, 1958. Burke was divorced from his wife on October 15, 1958. The respondent and Mr. Burke were married on November 14, 1958. She had continued to live with Mr. Horton until her marriage to Mr. Burke and she then took up residence with him in a trailer in Sayre, Pennsylvania. This trailer is a large one which the Burkes are buying and which cost $7,800.00. There is a large living room, kitchen and dinette, a small bath and two small bedrooms which can be closed off entirely. Karen occupies one of the bedrooms and her mother and Mr. Burke occupy the other bedroom. Immediately after the divorce Karen remained with her father and Mrs. Burke's mother, Mrs. Hattie Thomas, a lady 83 years old. On November 15, 1958 the mother took the child with her for the week-end and brought her back to Mr. Horton's farm the following day. The child would not eat and appeared generally unhappy. Mrs. Burke, at the child's request, came back on November 22, 1958 and took Karen again and did not return her to Mr. Horton. The child refused to go back to live on the farm although Mrs. Burke was willing to take her. Mr. Horton's home is a small two-story frame house. It is in good condition but needs painting. There is one bedroom downstairs and two bedrooms upstairs. The house is heated by a stoker furnace and lighted by elec-

tricity. There are no inside bath or toilet facilities. Judge Webb talked to Karen alone in his chambers. She told him that she likes both her father and mother and that they were both good to her. She prefers, however, to live with her mother. She did say that she likes to go down on the farm but wants to stay with her mother.

The paramount consideration in cases of this nature is at all times the welfare of the child, which includes its physical, intellectual, moral and spiritual well-being, and all other considerations are subordinate: *Com. ex rel. Kuntz v. Stackhouse*, 176 Pa. Superior Ct. 361, 363, 364, 108 A. 2d 73; *Com. ex rel. Newel v. Mason*, 186 Pa. Superior Ct. 128, 140 A. 2d 365. Unless compelling reasons appear to the contrary, a child of tender years should be committed to the care and custody of its mother, by whom the needs of the child are ordinarily best served: *Com. ex rel. Schofield v. Schofield*, 173 Pa. Superior Ct. 631, 98 A. 2d 437; *Com. ex rel. Mann v. Mann*, 181 Pa. Superior Ct. 438, 441, 124 A. 2d 432. This is especially true where the child is a girl. Karen has been under the care, guidance and companionship of her mother from the time of her birth. She has now reached that stage in life where she needs the advice and love of a mother. She will not confide in her father. Where a child is of sufficient intelligence, its preferences and attachments should be consulted in determining its custody: *Com. ex rel. Schofield v. Schofield*, supra. Even the preference expressed by a child must be based on good reasons and the child's maturity and intelligence must be considered: *Com. ex rel. Shamenek v. Allen*, 179 Pa. Superior Ct. 169, 176, 116 A. 2d 336.

In expressing her preference to the judge, Karen made the significant remark: "My grandmother is older than my mother." The grandmother lives in a dif-

ferent world than that in which the granddaughter lives. The problems confronting this young girl will be better solved by consultations with a younger woman.

There is no evidence of any improper conduct during the respondent's marriage to Mr. Horton prior to her meeting Mr. Burke and there is no evidence that since her marriage to Mr. Burke her conduct has been improper. Nor was there any evidence that she has not been a good mother to Karen or that she has neglected her. A lapse from moral standards is not controlling where the parent is not otherwise at fault: Com. ex rel. Bock v. Bock, 159 Pa. Superior Ct. 159, 48 A. 2d 133; Com. ex rel. Mann v. Mann, supra. In determining whether custody of a minor child should be given to her father or mother only the welfare of the child and not the question of which of the parents is to blame for failure of the marriage should be considered: Com. ex rel. Gates v. Gates, 161 Pa. Superior Ct. 423, 424, 55 A. 2d 562; Com. ex rel. Conrod v. Conrod, 165 Pa. Superior Ct. 628, 70 A. 2d 433.

The hearing judge has the fact-finding function in child custody cases. The credibility of witnesses and the weight to be given to their testimony by reason of their character, intelligence and knowledge of the subject can best be determined by the judge before whom they appear: Com. ex rel. Harry v. Eastridge, 374 Pa. 172, 97 A. 2d 350; Com. ex rel. Shroad v. Smith, 180 Pa. Superior Ct. 445, 119 A. 2d 620.

In our view the evidence supports the finding of the hearing judge that the mother is presently a fit person and that the child's welfare will be best served by awarding custody to her.

Order affirmed.