Commonwealth ex rel. Tavoletti *v.* Tavoletti,
Appellant.

Argued November 12, 1963. Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*John L. Bailey,* with him *Weller, Wicks and Wallace,* for appellant.

*Sidney J. Sable,* with him *Harvey Robins,* and *Brennan & Brennan,* for appellee.

OPINION BY WATKINS, J., March 17, 1964:

This is an appeal from the decree of the Court of Common Pleas of Allegheny County awarding custody of two minor children, Lynn Tavoletti and Leigh Ann Tavoletti, to their father, Carmen R. Tavoletti.

The parties were married July 18, 1953 and divorced on the suit of Mary Margaret Tavoletti, the ap-

pellant, on a charge of indignities to the person, on November 17, 1961. The children of the marriage were Lynn, born September 13, 1956, and Leigh Ann, born November 7, 1958. The husband Carmen R. Tavoletti is 34 years of age. He is a teacher of history and civics in Lincoln Junior High School, at the Chartiers Valley Joint School District and is also football and wrestling coach. He lives with his parents. Mary Margaret Tavoletti, the wife-appellant, lives in her own home with the children. She has a roomer by the name of Nancy DeFillip. She is employed as an attendant at Woodville State Hospital.

By agreement, at the time of divorce, the custody of the children was awarded to the mother, with virtually unlimited visiting privileges to the father, who took up residence with his parents a few blocks away from the present residence of the respondent, which was formerly the common domicile.

The court below, after an extended hearing, awarded the custody of the children to the father and gave custodial rights to the mother two days a week depending on her working conditions. The court further held that the matter was to be re-examined at the expiration of six months from the date of the order, for the purpose of ascertaining whether conditions at the home of the mother that affected his decision were remedied.

It is impossible to understand how this order could be interpreted as an abuse of discretion by the court below. We agree with the opinion that:

"In a custody case, it is for the Court in its sound discretion to decide to whom the custody of a child shall be committed. When the dispute is between divorced parents the Court will consider the fitness of the parents and the best interest and permanent welfare of the child: Commonwealth ex rel. Levinson v. Levinson, 162 Pa. Superior Ct. 563; Commonwealth ex rel. Hough v. Hough, 178 Pa. Superior Ct. 484. Gen-

erally, unless compelling reasons to the contrary appear, a child of tender years should be committed to the care and custody of its mother: Commonwealth ex rel. Edinger v. Edinger, 374 Pa. 586.

"The mother's right, however, is not absolute and must yield to the best interest and welfare of the child which is still the paramount consideration: Commonwealth ex rel. Hough v. Hough, 178 Pa. Superior Ct. 484; Commonwealth ex rel. Buell v. Buell, 186 Pa. Superior Ct. 468. Therefore, while it is normally true that the needs of a child are best served by the mother, she may forfeit her right to custody by neglect or by conduct which is unchaste or improper: Commonwealth ex rel. Bosco v. Olson, 173 Pa. Superior Ct. 319; Commonwealth ex rel. Sheftic v. Sheftic, 178 Pa. Superior Ct. 649.

"The question of course is whether such misconduct affects the welfare of the child. Certainly so long as present conduct is not objected to, a temporary lapse from moral standards is not controlling. This is true even if the lapse involves adultery or other infidelity: Commonwealth ex rel. Mann v. Mann, 181 Pa. Superior Ct. 438. But, if the parent's immoral conduct is persistent and flagrant, it is impossible to disregard it in considering what is best for the child: Commonwealth ex rel. Davis v. Davis, 97 Pa. Superior Ct. 442; Commonwealth ex rel. Burke v. Birch, 169 Pa. Superior Ct. 537. Thus the Court in Commonwealth ex rel. Kraus v. Kraus, 185 Pa. Superior Ct. 167, 174, stated, 'Where the mother is a woman of loose morals, she forfeits her right to custody . . .'

"The question for the trial Court in the case at bar was whether Mrs. Tavoletti, at least for the present, had forfeited her custody rights. After a hearing in which the trial judge had the advantage of hearing and seeing the parties and their witnesses, we decided that the mother's conduct was such as to affect adversely

the welfare of the two children, and awarded custody to the father."

In reading the testimony in this case where there is every indication of the appellant having an affair with a married man and where it can be inferred from the record that some of the intimate incidents occurred in the presence of the children, the court below would have been justified in making a finding that she was an unfit mother. Instead of that he leaned over backwards by saying:

"We concluded that the respondent was essentially a fit mother and, under normal circumstances, probably entitled to the custody of the children. The petitioner is equally qualified.

"We objected only to the respondent's conduct with this particular married man under the same roof as these children. Once her behavior conforms with proper standards prescribed by society and by law of this Commonwealth, her right to these children should be re-examined, and we set a period of six months for this purpose.

"On the other hand, if she continues to flaunt acceptable codes, then even the question of her partial custody two days a week should be subject to a further appraisal."

Decree affirmed.